LAMBERT<br>v<br>BLACKMAN.

*Nelson,* for the complainant.

*Stevens,* for the defendant.

(1) Const. Ind. a. 5. s. 2.—Ind. Stat. 1818, p. 45;—1823, p. 130.

---

## LAMBERT and Another *v.* BLACKMAN.

Where a promissory note in the *French* language, is declared on as if it were
in *English,* the variance is immaterial.

If the jury give greater damages than are declared for, and the plaintiff sign
judgment for the greater sum, the Court may permit him to amend during
the term, by entering a *remittitur* for the excess.

ERROR to the *Vigo* Circuit Court.—Assumpsit on a promis- <span style="float:right">*Wednesday, July* 19.</span>
sory note. Plea, the general issue. The note was in the *French*
language, but was declared on as if it had been in *English.* The
variance, at the trial, was held immaterial. The damages were
laid in the declaration at 300 dollars. The jury gave a verdict
for 322 dollars and 28 cents in damages; for which sum, together
with costs, judgment was entered during the term. Afterwards,
in the same term, the plaintiff below, by leave of the Circuit Court, entered a remittitur of 22 dollars and 28 cents, the
extra sum.

HOLMAN, J.—One error assigned is, that the note, being in
the *French* language, should have been set forth in that language, in the declaration. We are of opinion, that the nature
and extent of the obligation created by the note, were all that
were requisite in pleading, and these are sufficiently set forth in
the *English* language (1). The entry of the remittitur after judgment, is also assigned for error. A remittitur is most regular-

ly entered before judgment, but it may be entered at any time after judgment, while the proceedings of the term are yet before the Court. And even after a writ of error is sued out, a remittitur may be entered on paying the costs of the writ of error. 1 Sell. Pr. 481.—2 Sell. Pr. 408 (2).

*Per Curiam.*—The judgment is affirmed, with 5 *per cent.* damages, and costs.

*Tabbs* and *Blake*, for the plaintiffs.

*Dewey*, for the defendant.

(1) The instrument itself must be stated *in terms*, or according to the *legal* effect. If it be in a foreign language, it may nevertheless be stated as if it were in *English*, without noticing the foreign language. *Attorney General* v. *Valabreque*, Wightw. 9.—Chitt. on Bills, Am. Ed. 1821, p. 456. *Aliter*, in case of a libel written in a foreign language; there the plaintiff must set forth the original words, with a translation of them showing their application to him. *Zenobio* v. *Axtell* 6 T. R. 162.—Per *Ellenborough*, C. J., in *Cook* v. *Cox*, 3 Maule and Selw. 115.

(2) Even in a term subsequent to that in which the judgment was signed. 2 Arch. Pr. 221.—*Usher* v. *Dansey*, 4 Maule and Selw. 94.