## Amidon and Others *v.* Gaff and Another.

Special Findings—General Verdict.—The special findings of the jury override the general verdict only when both cannot stand; and this antagonism must be apparent upon the face of the record, beyond the possibility of being removed by any evidence legitimately admissible under the issue, before the court can be called upon to give judgment against the party who has the general verdict in his favor.

APPEAL from the *Dearborn* Common Pleas.

FRAZER, J.—Suit for goods sold and delivered. Answer, 1st. General denial. 2d. Payment. Reply, general denial. The issues were tried by a jury, who found generally for the defendants, and returned, also, findings upon special questions of fact, as follows:

"Do you believe, from the evidence, that the defendants received the goods in the complaint mentioned, and that the goods were of the value stated? Yes.

"Did *Mr. Lemon* buy the goods in the complaint mentioned for the defendants? Yes.

"Were the goods billed and shipped to, and in the name of, the defendants, by the plaintiffs, at the time of the sale and delivery thereof? Yes.

"Have the plaintiffs received pay for the goods? No.

"Was the money for the goods in the hands of *William Lemon*, to pay for the goods, at the time of the purchase thereof? No.

"Do you believe that the defendants, by their authorized agent, *Mr. Davis*, ordered *William Lemon* to purchase the goods for the defendants? Yes.

"Was *Lemon* the agent of the defendants? No."

On the return of the verdict, the plaintiffs moved for judgment in their favor for the amount of the bill of goods sued for; on the ground that the special findings entitled them to such judgment, notwithstanding the general verdict for the defendants. This motion was overruled, and final judgment entered for the defendants.

The only question presented for our consideration arises upon the action of the court below upon the plaintiffs' motion for judgment. The evidence is not in the record, nor was there any motion for a new trial.

If the special findings can, upon any hypothesis, be reconciled with the general verdict, then the action of the court below was correct. Is such reconciliation possible? It is especially found that one *Lemon*, who was not the agent of the defendants, but who acted under the direction of *Davis*,

who was their agent, purchased the goods for the defendants; that the defendants received them; that the plaintiffs, at the time of the sale and delivery, billed and shipped them to, and in the name of, the defendants; that the plaintiffs have not been paid for the goods; that when the purchase was made, no money was in the hands of *Lemon* with which to pay for them; and that they were of the value stated. All this may be true, and yet the plaintiffs may not have sold the goods. They "billed and shipped" them, but this they may have done as the employees of others, who actually sold them, and who are the parties to whom payment must be made. It is true that other presumptions are more probable, but an appellate court must not indulge them for the purpose of reversing the judgment of the court below. The special findings override the general verdict only when both cannot stand, and this antagonism must be apparent upon the face of the record, beyond the possibility of being removed by any evidence legitimately admissible under the issues, before the court can be successfully called upon to direct judgment in favor of the party against whom a general verdict has been rendered by a jury upon their oath.

There is another theory which reconciles the general verdict with the special findings. If *Lemon*, in discharge of an agreement of his own with the appellees, purchased the goods on his own credit, and had them billed and shipped as found, thereby paying a debt of his own to the appellees, the arrangement being known to the appellants at the time of the sale, it must be obvious that the general verdict could only be as the jury found, and yet all the facts specially found would be also true.

The judgment is affirmed, with costs.

*J. Schwartz*, for appellants.

*J. D. Haynes*, for appellees.