· CAMPBELL and Another *v.* DUTCH.

PRACTICE.—*Motion for Judgment on Special Finding.*—The overruling of a motion for judgment on a special finding can be presented in the Supreme Court as an error, where the motion states the ground of the application, and the party making the motion causes his exception to the ruling to be noted on the record, and assigns the error. No bill of exceptions is required in such a case, as the record presents the question.

SAME.— *Special Finding Controlling General Verdict.*—In a case where the special findings of a jury are used to control adversely their general verdict, it is required that all the facts to authorize an adverse conclusion should appear by such special findings.

APPEAL from the Clinton Common Pleas.

DOWNEY, J.—The history of this cause in this court has been somewhat eventful. The judgment was reversed on account of some mistake in supposing that the errors had been confessed, when they had not been; this judgment was set aside. The cause was then again submitted, and in due time there was a judgment of affirmance, with an opinion. Then there was a petition for a rehearing, which was granted, and the case again submitted. It now comes before us once more for consideration and determination, and we hope, as do the unfortunate litigants by this time, we have no doubt, that this may be the last time.

The action was by the appellee against the appellants. The complaint alleges that the plaintiff is the owner, and entitled to the possession, of certain personal property designated in the complaint, of which the defendants have possession, without right, and unlawfully detain from the plaintiff; wherefore he asks judgment for the recovery of the property, one thousand dollars damages, and other proper relief. The appellant Campbell was sheriff, and Solomon Kaufman, the other appellant, was the plaintiff in a judgment and execution by which, as they claim, the sheriff had seized the property in question.

The defendants answered, first, by general denial; and second, that Campbell was sheriff, had an execution in his

hands, issued by the clerk of the common pleas of Clinton county, on the transcript of a judgment from the docket of Alexander Hoover, Esq., a justice of the peace, which had been filed in the office of said clerk, in favor of Kaufman against Charles C. Dutch; that the property in question was the property of said Charles C. Dutch, and as such sold by the sheriff on said execution. A copy of the execution was filed with the answer and made part of it.

The reply is, first, the general denial of the second paragraph of the answer; second, that there was no such judgment and execution as specified in the second paragraph of the answer; third, that the case in which the supposed judgment was rendered by Esquire Hoover, in favor of Kaufman, was appealed to the circuit court of Boone county, and that Kaufman there dismissed his action. A copy of the record in that case is filed with the reply.

The issues were then tried by a jury, and there was a general verdict for the plaintiff, and findings on interrogatories submitted to the jury, as follows:

1. Who was the owner of the goods in question at the time of the levy made by Campbell? Ans. Charles C. Dutch.

2. Who was entitled to the possession of the goods at the time of the levy? Ans. Richard Dutch.

3. Had Kaufman or Campbell any right to the possession of the goods under the execution held by Campbell? Ans. They had not.

The defendants moved the court to render judgment in their favor on these findings, which motion was overruled by the court, and they excepted.

They then moved for a new trial, for the reasons that the verdict was not sustained by the evidence, was contrary to law and the evidence, and because the court had admitted improper and irrelevant testimony. The court overruled this motion also, and rendered judgment for the amount mentioned in the general verdict.

There are four errors assigned, the fourth of which has no

foundation in the record, and the second and third present no questions to us, being only reasons for which the common pleas might, if well founded, have granted a new trial. There is no assignment as error, that the court improperly refused to grant a new trial.

The first and only error, then, is the refusal of the court to render judgment for the defendants on the special findings.

But we are met at this point by an objection to the consideration of this question, from counsel for the appellee, because there was no bill of exceptions putting in the record the making and overruling of this motion. There was a written motion specifying the ground of the application, which by statute becomes a part of the record, and an exception by the party caused to be entered by the clerk to the overruling of the motion. We see no use in a bill of exceptions in such a case. There is nothing to put in the record. The motion is based on what is already of record, the findings of the jury, as is the case when a pleading is demurred to, and we think the exception may be made without a bill of exceptions.

The code provides, that "where the decision objected to is entered on the record, and the grounds of objection appear in the entry, the exception may be taken by the party causing to be noted at the end of the decision that he excepts." 2 G. & H. 209, sec. 345; *Spencer* v. *Russell,* 9 Ind. 157; *Zehnor* v. *Beard,* 8 Ind. 96.

We think the exception was properly taken, and that no bill of exceptions was necessary.

In *The Bellefontaine Railway Co.* v. *Hunter,* 33 Ind. 335, this court said: "In case where the special findings of a jury are successfully used to control their general verdict, it is required that all the facts to authorize an adverse conclusion should appear by such special findings." See, also, *Morse* v. *Morse,* 25 Ind. 156; *Amidon* v. *Gaff,* 24 Ind. 128; *Delawter* v. *The Sand Creek Ditching Co.* 26 Ind. 407.

Are the special findings in this case so inconsistent with

the general finding as to override the same, and justify the rendition of the judgment sought by the defendants? We think they are not. The action was for the unlawful detention of the property from the plaintiff by the defendants. The special findings do not negative this allegation, which was found for the plaintiff in the general verdict. The jury found, by the second special finding, that the plaintiff was entitled to the possession of the property in question at the time of the levy, and must be understood to have found by the general verdict, as was alleged in the complaint, that he was entitled to the possession at the time he commenced his action.

We do not think that the fact found by the jury in answer to the first interrogatory can control the general verdict for the plaintiff. That finding is that Charles C. Dutch was the owner of the property at the time of the levy. This is not inconsistent with a right in Richard Dutch, the plaintiff, to the possession of it at the same time. If, then, he was entitled to the possession of the goods as found by the second special finding, and if the defendants unlawfully detained the same, as found by the general verdict, we think it must follow that the plaintiff was entitled to judgment on the general verdict.

But it is urged by counsel for the appellants, that the property was liable to be sold on the execution against Charles C. Dutch, which was in the hands of the sheriff, subject to the right of Richard Dutch to the possession thereof, and subject to whatever limited estate or interest he had in the same. Conceding that this is true, it does not follow that the defendants had a right unlawfully to detain the property from the plaintiff, who was, according to the finding of the jury, entitled to its possession.

It may be that the verdict of the jury was for a larger amount than the plaintiff was entitled to. But no objection to the verdict was urged on this ground in the common pleas. The property is alleged in the complaint to have been of the value of one thousand dollars. The verdict was

for seven hundred and sixty-two dollars and fifty cents. The evidence not being in the record, and no objection to the verdict having been made on this ground, that matter is wholly beyond our cognizance.

Counsel for appellants pass over the third special finding by characterizing it as an absurdity. We are not so sure that it is entitled to so little consideration. If it was essential to the defence of the defendants, that they should show what they allege in the second paragraph of their answer, that is, that they sold the property by virtue of an execution issued on a judgment in favor of Kaufman against Charles C. Dutch, then the third finding would seem quite important, for it finds that they had no right to the possession of the goods under the execution. Whether this was on account of some defect in the execution, or because it was not founded on any judgment, or for some other reason, we do not know.

The existence of the judgment and execution is denied, as we have seen, in the second paragraph of the reply, and in the third it is alleged that the judgment had been vacated by an appeal and dismissal of the cause. But as we have already said, we do not regard the existence or non-existence of the judgment and execution as decisive of the case either way. If the defendants were acting under a judgment and execution, these would not empower them to unlawfully detain property to which another than the execution defendant was, at the time, entitled to the possession.

The judgment is affirmed, with costs.

*J. E. McDonald, A. L. Roache,* and *E. M. McDonald,* for appellants.

*A. G. Porter, B. Harrison,* and *W. P. Fishback,* for appellee.