COMER ET UX. *v.* HIMES ET AL.

PRACTICE.—When a demurrer has been filed and overruled, and the record does not contain the demurrer, it will be presumed that it was overruled on account of its own defects, or that it presented some objections to the pleading to which it was not liable.

SAME.—*Pleading Struck Out.*—When a pleading is struck out, it can only be brought into the record again by a bill of exceptions.

WRITTEN INSTRUMENT.—*Construction of for the Court.*—It is the duty of the

Comer *et ux. v.* Himes *et al.*

court to construe written instruments affecting the rights of parties, where there is no ambiguity, and an interrogatory submitting such question to the jury should not be propounded.

PRACTICE.— *Uncertainty of Special Finding.*—Where the special finding of a jury, on account of the language of an interrogatory and the answer thereto, is so uncertain that the meaning cannot be definitely ascertained, such special finding will not warrant the court in disregarding the general verdict, and rendering judgment on the special finding.

PLEADING.—*Correction of Written Instrument.*—A pleading asking the correction of a written instrument must show that there was fraud or mistake in its execution.

SAME.—A complaint in such case, for the correction of a deed, which simply alleges that one estate was agreed for and another conveyed, is insufficient.

PLEADING.—*Complaint for Review.*—A complaint for a review of a judgment, on account of matter discovered since the trial, must show that the plaintiff could not, by the use of reasonable diligence, have discovered the alleged new matter before the former trial.

From the Howard Circuit Court.

*N. R. Linsday* and *J. O'Brien*, for appellants.

*J. W. Cooper, M. Bell*, and *A. S. Bell*, for appellees.

DOWNEY, J.—Lewis R. Himes died intestate, the owner of certain real estate, leaving a second wife, Nancy M. Himes, but no children by her. He left the appellees, children by a former wife. By agreement between the widow and the heirs, eighteen acres of the land were set off and conveyed to the widow for her life, as her share of the land, and she took possession of it. The instrument by which this land was assured to her by the heirs was not recorded. She conveyed this land to the appellant Mary Comer by a warranty deed. Mary Comer setting up a claim to this land in fee simple, the appellees, after the death of Nancy M. Himes, the widow of the deceased, sued her.

The complaint was in two paragraphs; the first to quiet their title, and the second to recover the possession of the land. Judgment was rendered in their favor.

This action was brought to review that judgment, on the ground of new matter discovered since the rendition of the

judgment. The new matter and the facts relating to the discovery thereof are thus alleged:

" And these plaintiffs say, that at the time they purchased the land herein described from the said Nancy M. Himes, and received a deed therefor, they believed they acquired a clear title in fee simple, and when the complaint herein referred to was filed against them, and at the hearing of the same, and until long afterward, they did not know, and had no means of knowing, that the facts stated in said complaint and the decree made in that behalf were not true, and hence made default in said cause, because not aware of any defence to that action; but these plaintiffs now say, assert, and charge, that there is a good cause for a review of the proceedings and judgment of the court rendered in said cause, for the following material new matter discovered since the judgment in said cause, all of which was unknown to them at the time of the rendition of said judgment, to wit: At the death of Lewis R. Himes he was the owner of the west half of the north-west quarter of section 14, township 23, north of range 6, containing eighty acres; also, another tract of eighty acres, in Kosciusko county; also, property in the town of Tampico, in Howard county, the precise description of which land and town property is not known to the plaintiffs; that after the death of said Lewis R. Himes, the defendants in this suit and Nancy M. Himes mutually agreed and contracted that said Nancy, instead of receiving a third in value of the whole of said land, to have and hold during her natural life, should receive the tract of land in question and hold the same in fee simple, and with title absolute in herself, her heirs, and assigns; and they, said defendants, and said Nancy did mutually agree to a partition and division of the real estate of the deceased, and the said Nancy did receive and enter into the possession of said land, and continued to occupy the same until the date of the sale of said land to these plaintiffs, when they took possession and occupied said land until ejected and dispossessed by the judgment rendered by the Howard Circuit Court, as above stated. These plaintiffs further show, that at

the time of the partition and division of the said land, and
when the share of said Nancy was set apart to her, a writ-
ten instrument was prepared and duly executed, a copy of
which is herewith filed and made part hereof; and in said
instrument the said Nancy's share and interest in said real
estate was described as a life estate, when, in truth and in
fact, it was, by mutual consent and agreement of the parties,
a fee simple, and not a life estate, which said Nancy was to
receive, and which she conveyed to these plaintiffs. They fur-
ther represent and show, that they did not discover the facts
herein charged as to the true nature of the title of said Nancy
in the land herein described, until long after the rendering of
the decree herein spoken of, and that as soon as they did dis-
cover the facts herein stated and charged, they brought this
their complaint to review and set aside said judgment; and
the plaintiffs do now pray the court, for the material new mat-
ter herein stated, to open and review said judgment," etc.

A demurrer to the complaint was filed by the defendants, on
the ground that it did not state facts sufficient to constitute a
cause of action, which was overruled, and the defendants
excepted.

The defendants answered in four paragraphs. The first par-
agraph was a general denial. The second and third were
struck out, on motion of the plaintiffs. The fourth was held
good on demurrer thereto. It contained the following aver-
ments: That the defendants are the heirs of Lewis R. Himes,
deceased, who died intestate, in, etc., on, etc; that he left, as
his heirs at law, his widow, Nancy M. Himes, by whom he had
no issue, etc., who was a second wife, but left the defendants,
his children by a former wife; that by reason of the said Nancy
being a second wife, by whom he had no issue surviving him,
but leaving children by a former wife, the said Nancy was only
entitled to a life estate in the lands of her said deceased hus-
band; and the defendants aver that in order that said Nancy
might have the use, control, and occupation of her interest in
the real estate of her said husband, and that said interest might
be set apart to her, she and defendants entered into an agree-

ment, a copy of which is filed, and made part of the answer, by which the land mentioned in the complaint was set apart to her as her one-third during life in the lands of the deceased, which she accepted, went into possession thereof, and received the rents thereof until she conveyed to the plaintiffs. It is then averred, that at the time of their purchase of said land, the plaintiffs had notice of said contract and agreement, and their purchase was made with full knowledge of all the rights of the defendants in said real estate; that said Nancy died on the 17th day of February, 1872, and the rights of the plaintiffs in said real estate then and thereby became extinguished; wherefore, etc.

A demurrer to this paragraph of the answer, which demurrer is not in the record, was filed by the plaintiffs and overruled by the court. The plaintiffs then replied to the fourth paragraph of the answer by a general denial.

There was a second paragraph of the reply, which was struck out by the court on motion of the defendants.

The trial of the issues was by a jury, and there was a general verdict for the plaintiffs, with answers to interrogatories as follows:

" 1. Was the deed from the defendants to Nancy M. Himes for the eighteen acres of land described in the plaintiffs' complaint duly recorded in the record of deeds in the recorder's office of Howard county, Indiana; and if so, when?

" Ans. It was not.

" 2. Was the provision in said deed that the grantee, Nancy M. Himes, should have and hold the same, said land, her natural life, inserted therein mutually by J. J. Boyne, who drafted the same, and was said deed so drawn by the direction of Samuel Himes, or any of the parties thereto?

" Ans. It was.

" 3. Was said deed read over to and in the presence and hearing of Nancy M. Himes, in the office of J. J. Boyne, at the time or before she accepted the same?

" Ans. It was not.

" 4. What is the character of the conveyance from Nancy

M. Himes to Mary Comer, of the eighteen-acre tract of land, whether a quitclaim or a warranty deed ?

"Ans. A quitclaim."

On motion of the defendants, the court rendered judgment in their favor on the special findings of the jury, notwith-standing the general verdict for the plaintiffs, and to this ruling the plaintiffs again excepted.

The plaintiffs then moved the court to grant them a new trial, which motion was overruled, and the plaintiffs again excepted.

The appellants have assigned the following errors :

1. Overruling their demurrer to the fourth paragraph of the answer.

2. Sustaining the motion of the defendants to strike out the second paragraph of the reply.

3. Sustaining the motion of the defendants for judgment on the answers to interrogatories of jury, over the general verdict.

4. In overruling the motion of the plaintiffs for new trial.

The appellees have assigned as a cross error the overruling of their demurrer to the complaint.

We will proceed to consider these alleged errors in their order, or so many of them as it may be necessary to consider in disposing of the case.

The first alleged error is the overruling of the demurrer of the plaintiffs to the fourth paragraph of the answer. This demurrer, as we have already said, is not set out in the record. Under these circumstances, nothing can be decided as to the alleged insufficiency of the pleading to which the demurrer was filed. It was said in *Crowell* v. *The City of Peru*, 41 Ind. 308 : "When a demurrer has been filed and overruled, and the record does not contain the demurrer, we may well presume that it was overruled on account of its own defects, or because it presented some objection to the pleading to which it was not liable. If the demurrer has been sustained, and the pleading is not liable to any objection which could have been

specified in the demurrer, the rule would probably be different."

The next alleged error is the striking out of the second paragraph of the reply. This question was not reserved in the circuit court by a bill of exceptions. When a pleading is struck out, it can only be brought into the record again by a bill of exceptions. This is a rule of practice which should be too well understood by this time to need such frequent application.

The third error assigned is the sustaining of the motion of the defendants for judgment on the special finding, notwithstanding the general verdict of the jury. This assignment is not so easily disposed of. We do not see the materiality of some of the interrogatories. The first, with reference to the recording of the deed, we think is wholly immaterial, for the reason that whether it was or was not recorded could have no bearing on the question whether Nancy M. Himes, the grantee therein, could or could not convey in fee the lands mentioned in the deed. Counsel for appellants seem to suppose that if her deed was not recorded she might, for that reason, convey a fee in the land, when, by the terms of the deed, she had only a life estate. This cannot be so. The fact that a deed conveying a limited estate has not been recorded cannot confer upon the grantee authority to convey a larger estate in the land than the deed purports to convey.

The answer to the third interrogatory was not decisive of any material question in the case. The mere fact that a deed to a party was not read over to and in the presence and hearing of the grantee in a particular office, at or before the time of its acceptance, cannot of itself render the deed invalid. It may have been read to the party elsewhere, or she may have known its contents without its having been read to her. Indeed, the reading of it to her was not necessary to its validity, unless possibly under special circumstances.

The fourth interrogatory was improperly put to the jury. It is the business of the court to construe written instruments affecting the rights of the parties, where there is no ambiguity

in them. *Symmes* v. *Brown*, 13 Ind. 318. In the fourth question the jury were required to decide as to the character of a deed in the case, whether it was a quitclaim or a warranty, and the jury decided the question in direct opposition to the language of the deed. The language of the deed is " convey and warrant," and yet the jury found the deed to be a " quit-claim." The court should have decided this question, and would, no doubt, have decided it more correctly than the jury did.

We have most difficulty with the answer to the second interrogatory. The question was this : Was the provision in the deed giving the grantee a life estate inserted therein, mutually, by the person who drafted the deed, and was it done by the direction of Samuel Himes or any of the parties thereto? What is meant here by the word " mutually?" We cannot say with any certainty what it means, or what the whole question and answer mean, and therefore, on account of this uncertainty, there is not such an inconsistency between this one of the special findings of the jury and their general verdict as warranted the court in disregarding the latter and rendering its judgment on the former. 2 G. & H. 206, sec. 337 ; *Ridgeway* v. *Dearinger*, 42 Ind. 157 ; *Campbell* v. *Dutch*, 36 Ind. 504 ; *Amidon* v. *Gaff*, 24 Ind. 128.

Having arrived at the conclusion that the ruling of the court on this point was erroneous, we will, without an examination of the fourth alleged error assigned by appellants, examine the cross error assigned by the appellees. This cross error calls in question the sufficiency of the complaint.

We are of the opinion that the complaint is defective in two particulars at least. In the first place, it is not alleged that there was either fraud or mistake in the making of the deed from the appellees to Mary M. Himes. It is alleged that the agreement between the parties was that Nancy M. should have the land in fee simple; that a written instrument designed to carry out this agreement was made and duly executed, and a copy of it is filed with the complaint, and with the answer ; that the estate of said Nancy M. was described therein as a

life estate, when in truth and in fact it was, by the agreement, to have been a fee simple. There is here no allegation of any mistake in framing the instrument, or in any other respect. It is simply alleged that one estate was agreed for, and another accepted.

Courts correct mistakes in instruments, under proper circumstances, but do not relieve parties from positions in which they have placed themselves by their own consent, where there has been neither fraud nor mistake. The presumption is, that all previous negotiations between the parties to the contract terminated in the writing, and that it contains what was agreed upon by them. If by fraud or mistake the contract, as reduced to writing, is different from that which was agreed upon, the court may, in a proper case, grant relief; but not in such a case as this is shown to be. For anything that is alleged, Nancy M. Himes knew perfectly well, when she received the deed, that it conveyed to her an estate for life only in the lands in question. See *Oiler* v. *Gard*, 23 Ind. 212; *Gray* v. *Woods*, 4 Blackf. 432; *Hileman* v. *Wright*, 9 Ind. 126; *Baldwin* v. *Kerlin*, 46 Ind. 426.

The other objection to the complaint is, that it does not appear that the plaintiffs might not, by the use of reasonable diligence, have discovered the alleged new matter before the former trial. See *Simpkins* v. *Wilson*, 11 Ind. 541; *Jenkins* v. *Prewitt*, 7 Blackf. 329; Bicknell Civ. Pr. 357.

It is evident, at a glance, that the complaint in this case does not show the use of any diligence. If the agreement between the heirs and the widow was, that the widow should have a fee in the land, and not merely a life estate, and it was by mistake that the deed failed to state that fact, it would seem the most natural and convenient thing, under the circumstances, that the plaintiffs, when sued for the land which the widow had conveyed to them, should inquire concerning her title. She was their grantor, and had conveyed to them by a warranty deed purporting to convey a fee simple, and yet they do not show that they made any inquiry of any one as to her title.. They say they were ignorant

of the fact, and did not obtain knowledge of it until after the judgment was rendered against them ; but that they made use of any diligence whatever, they do not aver.

The judgment is reversed, at the costs of the appellants, and the cause remanded, with instructions to sustain the demurrer to the complaint.