## MURRAY v. PHILLIPS.

PRACTICE.—*Motion for Judgment on Special Findings Notwithstanding General Verdict.*—A motion for a judgment on special findings of a jury, in answer to interrogatories, notwithstanding the general verdict, will not be sustained upon the ground that the special findings are not in accordance with the evidence, but only where the special findings are inconsistent with the general verdict.

SAME.—*Remittitur.*—If a jury assess damages in a sum greater than the proper amount, there is no error in allowing the successful party to enter a remittitur for the excess, over the objection of the adverse party.

DEPOSITION.—*Agreement of Record.*—Where, by agreement of parties entered of record, leave was granted the plaintiff to take depositions at a time and place specified;

*Held,* that depositions taken in conformity with such agreement and leave of court could not be objectionable because taken in term time, and without further notice to the defendant of the time and place.

SAME.—*Questions, by Whom Written.*—It is not necessary in the taking of a deposition, that the questions to the deponent should be written by the officer taking the deposition.

SAME.—*Motion to Suppress.*—A motion to suppress a deposition, on the ground that the certificate of the officer before whom it was taken is insufficient, should point out with reasonable certainty the supposed defect.

From the Kosciusko Circuit Court.

*C. Clemans,* for appellant.

*W. S. Marshall,* for appellee.

HOWK, J.—In this action the appellee, as plaintiff, sued the appellant, as defendant, in the court below, on a promissory note executed by the appellant to the order of the appellee.

The appellant answered in five paragraphs, in substance, as follows:

1. A general denial;

2. Set-off;

3. A total want of consideration;

4. Payment in full before the commencement of the action; and,

5. That, after the maturity of the note in suit, for a valid consideration paid by the appellant to the appellee,

the appellee agreed to forbear the commencement of suit upon said note until the 1st day of August, 1874.

The appellee replied by a general denial to all of said paragraphs of answer except the first.

The issues joined were tried by a jury in the court below, and a general verdict was returned for the appellee, assessing his damages in the sum of four hundred and thirteen dollars and sixty-nine cents. And, with their general verdict, the jury also return their special findings upon particular questions of fact, submitted to them by the appellant, under the direction of the court, as follows:

"1.   Did the defendant, on the 8th day of April, 1873, pay the plaintiff $50, and, if so, was said payment made in consideration that the plaintiff would forbear bringing suit upon said note?

"Ans.   He did pay him fifty dollars, but [it] was not in consideration of the extension of time.

"2.   Was there an agreement made by and between the plaintiff and the defendant to extend the time of the payment of said note?

"Ans.   There was not.

"3.   Has the defendant performed any labor or rendered any service for the said plaintiff since the execution of the note sued on, and, if so, what were the services rendered and labor performed, and what was it worth?

"Ans.   He did perform two days' labor in harvest, at two dollars per day; total, four dollars.

"4.   Was the payment of $50 a payment on the principal of the note, or on both principal and interest?

"Ans.   On both.

"5.   To what time did the payment of the $50 pay the interest on the note sued on?

"Ans.   To April 8th, 1873."

The appellant moved the court below for judgment in his favor on the special findings of facts, notwithstanding the general verdict, which motion was overruled, and the appellant excepted. And the appellant's written motion

for a new trial having been overruled, and his exception saved to such ruling, judgment was rendered by the court below on the general verdict, from which judgment this appeal is now here prosecuted.

The appellant has assigned as errors, in this court, the following decisions of the court below:

1.  In overruling his motion for a new trial;

2.  In allowing the appellee to remit from the verdict of the jury three dollars and sixty-nine cents, over the appellant's objections; and,

3.  In overruling his motion for judgment in his favor on the special findings of facts.

We will consider these alleged errors in the inverse order of their assignment. It is claimed by appellant's attorney, in his argument of this cause in this court, that the court below erred in overruling appellant's motion for a judgment in his favor on the special findings of facts, notwithstanding the general verdict. But the only reason assigned by counsel in support of this position is, that "the special findings were not in accordance with the evidence." If this were so, it might possibly have been a good cause for a new trial, if properly presented to the court below for that purpose; but we can not see how or why the reason assigned would or should entitle the appellant to a judgment in his favor on such special findings. There is not the slightest inconsistency that we can perceive between the special findings of facts and the general verdict of the jury in this case; and it is only "When the special finding of the facts is inconsistent with the general verdict, the former shall control the latter, and the court shall give judgment accordingly." 2 R. S. 1876, p. 172, sec. 337. *Ridgeway* v. *Dearinger*, 42 Ind. 157; *Comer* v. *Himes*, 49 Ind. 482; and *Hollingsworth* v. *Trueblood*, decided at the present term, *post*, p. 542

In our opinion, no error was committed by the court below in this case, in overruling the appellant's motion for

judgment in his favor on the special findings of facts, notwithstanding the general verdict.

The appellant's attorney claims, that the court below erred in allowing the appellee to enter a *remittitur* of three dollars and sixty-nine cents of the damages assessed by the jury, before judgment thereon. He has failed, however, to point out any objection to this action of the court below, and we know of none. If, by mistake or otherwise, the jury assessed the appellee's damages at a sum in excess of the amount due on the note in suit, it seems to us that the appellee did right in remitting such excess, and that the court below did not err in allowing the appellee to enter such *remittitur*. *Lambert* v. *Blackman*, 1 Blackf. 59 ; and *Coldren* v. *Miller*, 1 Blackf. 296.

In his motion for a new trial, the appellant assigned the following causes therefor, to wit:

1. The court erred in overruling his motion to suppress the appellee's deposition ;

2. The court erred in overruling his motion to suppress certain questions and the answers thereto in the appellee's deposition ;

3. That the verdict of the jury was not sustained by the evidence ;

4. That the verdict was contrary to the law and the evidence in the case ; and,

5. That the damages were excessive, and the court erred in overruling his motion for judgment in his favor on the special findings of the jury.

We will briefly consider and decide the material questions presented by these alleged causes for a new trial in their enumerated order. The grounds of the appellant's motion to suppress the appellee's deposition were as follows:

1. That no legal notice was given the defendant of the time and place of taking the deposition ;

2. That the same was taken in term time ;

3. That the questions were not written by the officer taking the deposition ; and, ·

4. That the certificate of the officer before whom the deposition was taken was insufficient.

Section 250 of the practice act provides, that depositions may be taken " in term time, by the agreement of the parties." 2 R. S. 1876, p. 140. On the 12th day of March, 1875, the following agreement of the parties, in open court, was entered of record in this cause :

" Come now the parties by counsel, and, by agreement, leave is granted to take the deposition of the plaintiff herein, at his residence, between the hours of 11 o'clock A. M. and 5 o'clock P. M. on the 13th day of March, 1875, before any officer authorized to take the same, to be read in evidence on behalf of the plaintiff herein."

It seems to us, that this agreement of record completely disposes of the first two of the appellant's objections to appellee's deposition. It shows that the deposition, though taken " in term time," was taken " by the agreement of the parties," and on leave of the court; and it shows further, that the parties had agreed upon the time and place for taking the deposition, and this agreement made it wholly unnecessary for the appellee to give the appellant formal notice of such time and place.

It was not necessary that the questions to the deponent should be written by the officer taking the deposition. " It is proper for the party or his attorney to write the questions, but not the answers thereto." Snyder v. Snyder, 50 Ind. 492.

The last cause assigned for suppressing the deposition was, that the certificate of the officer before whom the deposition was taken was insufficient. This cause itself was insufficient in this, that it did not point out, with reasonable certainty, the supposed defect in the certificate. The brief of appellant's attorney is entirely silent on this point; and it seems to us that the certificate was sufficient.

In our opinion, the appellant's motion to suppress the deposition was properly overruled.

The second cause assigned for a new trial was the alleged error of the court below, in overruling the appellant's motion to suppress certain questions and the answers thereto in the appellee's deposition. The objections to the questions were, that they were leading, and to the answers, that they were irrelevant and immaterial. It would be a waste of time and labor, as it seems to us, to set out these questions and answers in this opinion. It appears from the bill of exceptions, that, by an agreement between the parties, the questions were written out in advance of taking the deposition, and were submitted to the appellant's attorney. If he had any objections to the form of the questions, he should then have made them. It seems to us, however, that no error was committed by the court below in overruling this motion.

In our opinion, the general verdict of the jury in this case was fully sustained by the evidence, it was not contrary to law, and the damages assessed therein were not excessive.

Appellant's motion for a new trial was correctly overruled.

The judgment is affirmed, at the costs of the appellant.