### The Indianapolis and Vincennes R. R. Co. v. McCaffrey.

JUDGMENT NON OBSTANTE.—*New Trial.*—*Practice.*—A motion for a judgment on the answers to interrogatories, notwithstanding the general verdict, does not preclude a motion for a new trial.

SAME.—*Interrogatories to Jury.*—Where the interrogatories and answers do not bring out the facts of the case with the certainty required to enable the Supreme Court to judge correctly of its merits, that court will respect the judgment of the court below.

SAME.—*Repugnancy.*—Where the repugnancy between answers to interrogatories and the general verdict is not such that it could not have been

removed by evidence legitimately admissible under the issues · in the cause, it is not available, even though all the facts necessary to justify the rendition of a judgment on such general verdict do not appear in said answers.

QUERY.—Where two new trials of an action have been had, can any question upon the evidence be considered by the Supreme Court on appeal ?

From the Knox Circuit Court.

*C. M. Allen*, for appellant.

*G. G. Reily* and *W. C. Johnson*, for appellee.

PERKINS, J.—Johanna McCaffrey sued the appellant for carelessly killing her infant son, being about ten years of age, without negligence on his or her part. She was a widow, and her son was without a legal guardian.

Answer in denial.

Trial by jury; verdict and answers to interrogatories as follows :

" We, the jury, find for the plaintiff, and assess her damages at five hundred and twenty-five dollars.

" And said jury at the same time return into open court the interrogatories heretofore submitted to them, with their answers thereto, as follows :

" 1st. At what time and at what place was William McCaffrey killed ?

" Ans. Killed December 2d, 1875, on the Indianapolis & Vincennes railroad track, at the crossing of Vigo street, in Vincennes, Indiana.

" 2d. Was the train being moved upon the side-track, where the railroad company was accustomed to move trains for the purpose of depositing cars or making up trains, immediately before the killing of William McCaffrey, on December 2d, 1875 ?

" Ans. It was.

" 3d. At what rate of speed was the said train being backed in upon said switch on December 2d, 1875, immediately before the killing of William McCaffrey ?

" Ans. About three miles per·hour.

" 4th.  Were the requisite number of brakemen, engineers. and firemen on said train at the time the accident occurred, and were they in their proper places and in the discharge of their duties at the time of said accident on December 2d, 1875, and immediately before and at the time of the killing of William McCaffrey ?

" Ans.  There were not.

" 5th.  Did Mrs. McCaffrey, the plaintiff in this case, make any effort whatever to ascertain whether a train was approaching or not, on December 2d, 1875, and immediately before and at the time of the killing of William McCaffrey ?

" Ans.  She did not.

" 6th.  Did Mrs. McCaffrey, the plaintiff, either look to see or listen to hear whether a train was in motion or not, on December 2d, 1875, and immediately before and at the time of the killing of William McCaffrey ?

" Ans.  She did not.

" 7th.  Did the brakemen have their lamps burning at the time the accident occurred, and were they in their proper positions, on December 2d, 1875, and immediately before and at the time of the killing of William McCaffrey ?

" Ans.  They were not.

" 8th.  Did Mrs. McCaffrey, the plaintiff in this case, know, or have the means of knowing, that the switch upon which the train was backed was in daily use for the switching of trains, standing cars, and making up of trains by the railroad company, on December 2d, 1875, immediately before and at the time of the killing of William McCaffrey?

" Ans.  She did.

" 9th.  Did William McCaffrey, the plaintiff's infant son, look to see or listen to hear whether a train was in motion or approaching, just before the happening of the accident,

December 2d, 1875, immediately before the killing of said William McCaffrey?

"Ans.   He did."

The defendant moved the court to render judgment in its favor on the answers to interrogatories, notwithstanding the general verdict for the plaintiff, but the court overruled the motion and rendered judgment for the plaintiff on the general verdict, and the defendant excepted.

No motion was made for a new trial, though the motion for judgment on the answers to interrogatories did not preclude such motion.  *Brannon* v. *May,* 42 Ind. 92.

We think we cannot say, upon what appears in the record, that the court erred in overruling the motion for judgment on the answers to interrogatories.  We do not think that all the facts necessary to justify the rendition of such judgment appear in said answers, there being no negation of the residue of other possible facts; nor that the repugnancy between the general verdict and those answers is such that it could not, by possibility, have been removed by evidence legitimately admissible under the issues in the cause.  *Campbell* v. *Dutch,* 36 Ind. 504, and cases cited; *Comer* v. *Himes,* 49 Ind. 482.

The interrogatories and answers, as will be manifest to any one on reading them, do not bring out the facts of the case with the fulness and certainty required to enable this court to judge correctly of its merits.  Such being the case, we must respect the judgment of the court below, which had heard all the evidence.  It may have appeared that Mrs. McCaffrey was not with her son, and that some extraordinary exigence justified the sending him alone across the street.  No question is presented by the record which authorizes this court to consider the evidence; and perhaps such a question could not have been got into the case.  Two new trials had been granted.  See 2 R. S. 1876, p. 182; *Shirts* v. *Irons,* 47 Ind. 445.

The judgment is affirmed, with costs.