## NELSON ET AL. *v.* NEELY.

PRACTICE.—*Parties.— Witness.—Default.—Answer struck out.*—Where one of several defendants, who has been subpœnæd as a witness on behalf of the plaintiff, refuses to appear and testify on the trial, the court may order that his answer be struck out, and that he be defaulted.

SAME.—*Joint Answer.*—In such case a joint answer by him and a co-defendant may be struck out, so far as the former is concerned.

PROMISSORY NOTE.—*Partnership.—Note executed by one partner, in name of co-partner.—Judgment NonObstante.—Interrogatories to Jury.—Payment.—*

Nelson *et al. v.* Neely.

In an action against A., B. and C., as makers, on a promissory note purporting on its face to have been executed by A., in the individual names of A., B. and C., wherein B. and C. answered by a verified denial, the jury, with their general verdict against A., and in favor of B. and C., found specially, in answer to interrogatories, that A., B., C. and D. were partners at the time the note was executed ; that D.. was a resident of another State and unknown to the payee as a partner ; that the note in suit was executed for personal property sold, and money loaned, by the payee to A., for the partnership, in the regular course of the partnership business ; and that such property and money had passed into the partnership fund.

*Held,* that, as to B. and C., the answers to the interrogatories are inconsistent with and control the general verdict, and that judgment should be rendered against them.

*Held,* also, there being no plea of payment, that it was not necessary, to warrant such a judgment, that the jury should have found specially that the note was unpaid.

From the Madison Circuit Court.

*H. D. Thompson, R. Lake* and *W. R. Pierce,* for appellants.

*J. A. Harrison,* for appellee.

BIDDLE, J.—The appellee brought this action against the appellants, on the following promissory note :

"September the 1st, 1864.

"$704.33. Four months after date we promise to pay to the order of B. Neely seven hundred and four thirty-three one hundredths dollars, value received, without any relief whatever from valuation or appraisement laws."

Signed, { "JOHN NELSON,<br>"WEEMS HEAGY,<br>"JOHN COBURN,<br>"By JOHN NELSON."

Coburn answered the complaint by a denial, sworn to. Nelson and Heagy answered by a general denial. Nelson also pleaded his discharge in bankruptcy. Reply. No question is made on the pleadings. Upon calling the case for trial, Nelson, who had been

served with a subpœna by plaintiff, requiring him to appear and testify in the case, was absent.

The court, on motion of the plaintiff, struck out the answer of Nelson, because, as the bill of exceptions informs us, of his failure and refusal to attend and appear in person as a witness at the trial of this cause, but in disobedience of said subpœna had gone to Indianapolis, out of the jurisdiction of said court; whereupon Nelson was defaulted.

Trial by jury; a general verdict against Nelson, and in favor of Coburn and Heagy.

With the general verdict, the jury, in answer to special interrogatories, found the following facts:

That the defendants entered into partnership with Henry Nelson, prior to the 1st day of September, 1864; that they were equal partners; that the partnership continued until the year 1865; that Henry Nelson resided in the State of Illinois, and the other defendants in Madison county, Indiana; that said partnership was formed, in part, for the purpose of buying hogs in Madison and other counties of Indiana, to be shipped and sold for the benefit of the firm; that they bought and shipped a large number of hogs, for the joint use of the firm; that, during the partnership, the defendants did the buying for said firm, in this and other counties of Indiana; that, by the agreement of partnership, the defendants were to do the firm business of buying hogs in Indiana; that, in transacting the business of the partnership, each of the defendants bought hogs for the firm; that John Nelson did the greater part of buying hogs in this county, for the firm; that John Nelson, during the existence of the partnership, and while he was buying hogs for the firm, borrowed money of the plaintiff, on the credit of the defendants, as partners; that John Nelson, about the 1st day of September, 1864, and during the time he was so buying hogs, executed the note in suit; that John Nelson signed his own name,

and the names of Coburn and Heagy, to the note, as being members of said firm, and to bind them as such; that John Nelson, during said partnership, received of the plaintiff money and hogs, to the amount of the principal named in the note; that said money and hogs so received by John Nelson were applied by him to the purposes and uses of the partnership; that the defendants were equal partners with Henry Nelson, and all shared in the money and hogs so received from the plaintiff as partners in the profits of said business; that each of the partners received about three thousand dollars, as his share of the partnership business, to which the money and hogs received for said note were applied; that Henry Nelson did not buy hogs in the State of Indiana for said firm; that the plaintiff, at the time the note was received by him, had no knowledge that Henry Nelson had any interest in the partnership; that, at the time of the execution of the note, the business of the firm was done chiefly on borrowed capital; that the plaintiff had no knowledge of any restriction upon the power of Nelson to bind the firm, at the time he took the note; and that John Nelson, John Coburn, Weems Heagy and Henry Nelson composed the members of the partnership.

The plaintiff below moved for a new trial, which was denied him. He then moved for judgment against Coburn and Heagy, on the special findings, notwithstanding the general verdict.

This motion was sustained, and judgment rendered accordingly, to which the appellants excepted.

Appeal, and error assigned in this court.

The court did not err in striking out the answer of John Nelson. This practice is authorized by the statute and approved by this court. 2 R. S. 1876, p. 155, sec. 299; *Belton* v. *Smith,* 45 Ind. 291.

But it is contended that the joint answer of Heagy and Nelson was still in the record, and that it was therefore

error to default Nelson. Heagy's answer was still in the record, and he had the benefit of it on the trial, but Nelson's was not. There is no error in this. The authorities cited by the appellants do not support them on this point.

Nor did the court err in rendering judgment on the special findings, notwithstanding the general verdict. They were inconsistent with the general verdict and controlled it, and they show all the facts necessary to a recovery against Coburn and Heagy. *Campbell* v. *Dutch*, 36 Ind. 504; *The Indianapolis, etc., R. R. Co.* v. *Stout*, 53 Ind. 143; *Murray* v. *Phillips*, 59 Ind. 56.

But the appellants insist, that the special findings should show that the note had not been paid; otherwise the court could not render judgment against the defendants, even though they showed that the defendants had made the note.

It is a sufficient answer to this argument to say, that there was no answer of payment in the record.

The appellants also discuss some questions of law concerning partnership, but no such questions of law are presented by the record.

These are all the questions discussed by the appellants in their brief.

The judgment is affirmed, at the costs of the appellants, with five per cent. damages.