Byram *et al.* *v.* Galbraith *et al.*

———————

No. 8144.

BYRAM ET AL. *v.* GALBRAITH ET AL.

PRACTICE.—*General Verdict.—Special Finding.—Supreme Court.*—A judgment rendered upon a general verdict will not be disturbed by the Supreme Court, unless the same be "irreconcilably inconsistent" with the special finding.

SAME.—*Interrogatories by Each Party, and Answers Thereto.—Answers Inconsistent with Each Other. — Discharge of Jury Without Objection and Motion for Venire de Novo.* — Where interrogatories were put by the

court at the request of plaintiffs, and others at the request of the defendants, and the jury returned a general verdict for the defendants, with answers to all the interrogatories, and no objection was made to the form of either, or to the sufficiency of the answers, and the plaintiffs, without a motion for a *venire de novo*, moved "for a judgment in their favor, upon their cause of action, upon the answers of the jury to said interrogatories propounded by plaintiffs, notwithstanding the general verdict," it was not error for the court to overrule their motion and refuse to render judgment for the plaintiffs upon the answers to their interrogatories, the sets of answers being manifestly inconsistent, each with the other.

SAME.—*New Trial.—Inconsistencies and Contradictions in Special Finding.— Supreme Court.—Evidence.*—In such case, in the absence of the evidence from the record, the Supreme Court must hold the general verdict right, unless the answers to all the interrogatories clearly show it was wrong. Inconsistencies and contradictions in such answers are not grounds for a new trial.

SAME.—*Venire de Novo.*—When a jury has been discharged without objection to their answers to interrogatories, a motion for a *venire de novo* is too late.

SAME.—*Instructions.—Evidence.—Record.—Supreme Court.*—In the absence of the evidence from the record, the Supreme Court can not say that the trial court erred in giving or refusing instructions, when the action of the court was not erroneous on any supposable state of the evidence.

SAME.—*Supreme Court.—Waiver.*—Assignments of error not discussed by counsel are regarded as waived.

SAME.—*Absence of Evidence.—Supreme Court.*—In the absence of the evidence from the record, the Supreme Court can not know that a verdict is not sustained by the evidence, or that it is contrary to law.

From the Henry Circuit Court.

*J. S. Buckles, J. W. Ryan* and *G. W. Stubbs,* for appellants.

*J. N. Templer* and *R. S. Gregory,* for appellees.

BICKNELL, C. C.—This was an action by the appellants against the appellees, for goods sold and delivered.

The complaint stated a joint liability.

An account annexed to the complaint set forth several sales amounting in all to $1,606.34, and several credits, amounting in all to $671.69. It appeared by the account, that the first two of the sales, together amounting to $161$\frac{27}{100}$,

were made on March 15th, 1876 ; the credits were of different dates between March and August, 1876.

The appellees answered separately ; Galbraith pleaded the general denial, and a discharge in bankruptcy. Boyce pleaded the general denial and payment by Galbraith. The appellants replied denying the special defences.

A default taken against Galbraith had been set aside on his motion.

The first error assigned by appellants is, that the court below erred in setting aside said default, but this error is not alluded to in the brief of the appellants' counsel, and is, therefore, regarded as waived.

There was a trial by jury, with a general verdict for defendants, and the jury returned answers to ten interrogatories put to them by the court on behalf of the plaintiffs, and also returned answers to fourteen interrogatories put to them by the court on behalf of the defendants.

Upon the return of the verdict and answers, the appellants moved the court "for judgment in their favor, upon their cause of action, upon the answers of the jury to the interrogatories propounded by the plaintiffs, notwithstanding the general verdict for the defendants." This motion was overruled by the court ; the appellants excepted, and moved for a new trial, assigning the following reasons :

*First.* The verdict of the jury is contrary to the law and evidence in the cause ;

*Second.* The verdict of the jury is not supported by the evidence ;

*Third.* The verdict of the jury is not supported by sufficient evidence ;

*Fourth.* The verdict of the jury is contrary to law ;

*Fifth.* The court erred in admitting as evidence to the jury, over the plaintiffs' objection at the time, the certificate of discharge in bankruptcy of the defendant Arthur N. Galbraith ;

*Sixth.* The court erred in permitting the defendant James Boyce, while testifying in his own behalf as a witness, to testify in answer to this question of his counsel: "Did you ever execute or sign any writing to the plaintiffs, as security or endorser?" "I never did;"

*Seventh.* The court erred in allowing the following question to James Boyce, defendant, while testifying, over the plaintiffs' objection at the time: "What paper or agreement, if any, did you sign or execute to the plaintiffs, for the benefit or security of Galbraith, your co-defendant, when he purchased the goods in controversy?" and in permitting the witness, over the plaintiffs' objection, to give the following answer: "Not any;"

*Eighth.* The court erred in giving to the jury, on its own motion, the instructions numbered from 1 to 6, each and all inclusive;

*Ninth.* The court erred in refusing to give to the jury the instructions asked for by the plaintiffs, numbered from 1 to 7, each and all inclusive;

*Tenth.* The court erred in permitting to go to the jury, to be answered by them, over the exceptions and objections of plaintiffs, the interrogatories propounded by the defendants, and numbered from 1 to 14, each and all inclusive, as answered by the jury;

*Eleventh.* The court erred in overruling the plaintiffs' motion for judgment against the defendants, on the answers of the jury to the plaintiffs' interrogatories.

The court overruled the motion for a new trial; the appellants excepted; judgment was rendered for the defendants upon the verdict. There is a bill of exceptions, which contains only the evidence to which appellants objected, all the instructions given or refused by the court, the submission of the interrogatories to the jury; the interrogatories and the answers thereto; the appellants' motion for judgment, notwithstanding the verdict; the action of the court

thereon; the motion and reasons for a new trial, and the action of the court thereon.    It does not purport to contain all the evidence given in the cause, and it contains no statement that it exhibits all of such evidence.    The errors assigned by appellants, in addition to the first one, already referred to and waived, as hereinbefore stated, are:

*Second.* The court erred in overruling plaintiffs' motion for judgment on the answers of the jury to the plaintiffs' interrogatories, notwithstanding the general verdict.

*Third.* The court erred in overruling plaintiffs' motion for a new trial.

The statute provides that, at the request of either party, the jury may be instructed by the court, that, if they render a general verdict, they shall find specially upon particular questions of fact, to be stated in writing, and that said special finding shall be recorded with the general verdict.    Practice act, sec. 336, 2 R. S. 1876, p. 171.

"When the special finding of the facts is inconsistent with the general verdict, the former shall control the latter, and the court shall give judgment accordingly."    Practice act, sec. 337.

Under these statutes, it is held that judgment must be rendered on the verdict, unless the same be "irreconcilably inconsistent" with the special findings, *Woollen* v. *Wishmier*, 70 Ind. 108 ; *Edwards* v. *Applegate*, 70 Ind. 325 ; *Fromm* v. *Leonard*, 21 Ind. 243 ; *Miller* v. *Wade*, 58 Ind. 91 ; *Murray* v. *Phillips*, 59 Ind. 56 ; *Nelson* v. *Neely*, 63 Ind. 194 ; *Ohm* v. *Yung*, 63 Ind. 432 ; *Monroe* v. *The Adams Ex. Co.*, 65 Ind. 60 ; *The Grand Rapids, etc., R. R. Co.* v. *Boyd*, 60 Ind. 526 ; *Long* v. *Brown*, 66 Ind. 160 ; and that the antagonism must be incapable of removal by any evidence legitimately admissible under the issues, *Amidon* v. *Gaff*, 24 Ind. 128 ; and that all the facts necessary to authorize a conclusion adverse to the verdict must appear by such special findings.    *The Bellefontaine R. W. Co.* v. *Hunter*, 33 Ind. 335 ;

*Campbell* v. *Dutch*, 36 Ind. 504; *Snyder* v. *Robinson*, 35 Ind. 311. And it is held that, if the special finding be so uncertain that its meaning can not be definitely ascertained, judgment can not be rendered upon it in opposition to a general verdict, *Comer* v. *Himes*, 49 Ind. 482 ; and that, if the interrogatories and answers do not show the facts of the case, with such certainty as will enable the Supreme Court to judge correctly of its merits, the judgment of the court below will be respected. *The Indianapolis, etc., R. R. Co.* v. *McCaffrey*, 62 Ind. 552. It is also held that, where the interrogatories and answers refer to maps and diagrams, not in the record, judgment can not be rendered on the answers, in opposition to a general verdict. *Scheible* v. *Law*, 65 Ind. 332.

In the case at bar, interrogatories were put to the jury by the court, at the request of the plaintiffs, and other interrogatories were also put to the jury by the court, at the request of the defendants ; the jury returned a general verdict for the defendants, together with answers to all the interrogatories ; no objection was made to the form of the interrogatories ; no objection was made to any of the answers ; the answers being accepted as sufficient, they were required by the statute to be recorded with the verdict.

The answers, upon which, under section 337 of the practice act, judgment may be rendered, in opposition to a general verdict, are all the answers taken together, and not some of them, without the others. The proper motion by the appellants would have been a motion for judgment in their favor upon the answers to the interrogatories. The court would then have determined whether, upon the answers taken together, there was sufficient certainty in the facts found to warrant the granting of the motion. But the appellants ignored the answers to the interrogatories put on behalf of the defendants, and moved the court "for a judgment in their favor, upon their cause of action, upon the answers of the

jury to said interrogatories propounded by plaintiffs, notwithstanding the general verdict."

The interrogatories and the answers are in the record; they show that, even if the motion for judgment had been made by appellants in proper form, it could not have been granted, because the answers to the plaintiffs' interrogatories are in conflict with the answers to the defendants' interrogatories, and in the uncertainty thereby created, the court, under the authority of the cases hereinbefore cited, 49 Ind. 482 and 62 Ind. 552, would have been compelled to give judgment on the general verdict. The court, therefore, committed no error in refusing to give judgment for the appellants upon the answers to the ten interrogatories propounded by them.

The third error assigned by the appellants is overruling the motion for a new trial. Of the eleven reasons assigned for a new trial, the eleventh is the same as the second error assigned here, and need not be further considered. Of the remaining ten reasons, the first four, the eighth and the ninth are the only ones alluded to, or discussed, in the brief of the appellants' counsel. The others are, therefore, regarded as waived. *Boyd* v. *Fitch,* 71 Ind. 306.

In discussing the questions involved in the first four reasons alleged for a new trial, the counsel for the appellants, in their brief, use the following language: "Giving to the answers of the defendants' interrogatories the force and effect they will claim for them, such construction renders the two sets of answers so utterly inconsistent as to make it at once apparent that there was not a fair trial of the case between the parties;" and, again, "if both sets of answers are true, in the view of the case we are considering, there could be no fair finding for either party, and, in such a case, a party against whom, by accident, a general verdict is given, should have instantly, on applying therefor, a new trial." In the absence, however, of the evidence, the general verdict is right, unless the answers to the interrogato-

ries clearly show it was wrong. Inconsistencies and contradictions in such answers are not grounds for a new trial. If such inconsistencies had been pointed out at the proper time, the court, on motion, would have re-submitted the interrogatories to the jury, with instructions to answer further, so as to remove the inconsistency, even if such removal should require a re-examination of the whole case and a change of the general verdict. *Hyatt* v. *Clements*, 65 Ind. 12 ; *Noble* v. *Enos*, 19 Ind. 72 ; *Bowman* v. *Phillips*, 47 Ind. 341. In the case at bar, the jury was discharged without objection to the answers, after which even a motion for a *venire de novo* is too late. *Vater* v. *Lewis*, 36 Ind. 288. The first four reasons alleged for a new trial amount to this, to wit : That the verdict was not sustained by the evidence, and was contrary to law. But, all the evidence not being in the record, these four reasons present no question for the decision of this court. *May* v. *Pavey*, 63 Ind. 4 ; *Kerwin* v. *Myers*, 71 Ind. 359. The ninth and tenth reasons for a new trial relate exclusively to instructions given and refused ; but as the evidence is not in the record, and as the action of the court upon the instructions was not erroneous on any supposable state of the evidence, we are unable to say that the court erred, either in giving or refusing instructions.

The judgment of the court below ought to be affirmed.

PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that the judgment of the court below be, and the same is hereby, in all things affirmed, at the costs of the appellants.