No. 9085.

## CARVER *v.* LEEDY.

VERDICT.—*Special Findings.*—A judgment may be rendered on facts specially found, notwithstanding the general verdict, only when such facts are consistent with each other, and so inconsistent with the general verdict as to be irreconcilable by any legitimate evidence.

SAME.—*Husband and Wife.*—*Agency.*—Complaint by a married woman to recover $500 which she paid as part purchase-money for 42 acres of land, to be conveyed to her unencumbered, but which, with other lands, her vendor conveyed to one C., who mortgaged the whole to the defendant for purchase-money, and then, without the plaintiff's consent, caused C. to convey the 42 acres to the plaintiff's husband, and then foreclosed the mortgage and bought in the land. General verdict for plaintiff for $500, and answers of the jury to interrogatories to the effect, 1st, that plaintiff's husband was her agent for 10 years last past; 2d, that this agency was general, to take and use her property in his own name; 3d, that that agency was revoked; 4th, that there was no proof that C., who conveyed to the husband, was insolvent; 5th, that the husband, while acting as agent, took a deed from C.

*Held,* that these findings were not inconsistent with the general verdict, and that judgment should have been rendered on the latter.

From the Huntington Circuit Court.

*L. P. Milligan, A. Moore* and *B. M. Cobb,* for appellant.

*J. C. Branyan, C. W. Watkins* and *M. L. Spencer,* for appellee.

BICKNELL, C. C.—This was a suit to recover $500. The complaint stated that the plaintiff paid defendant $500, part of the purchase-money of forty-two acres of land, on condition that the deed therefor should be made to her in her own name, free from encumbrance; that defendant sold and conveyed one hundred acres of land, including said forty-two acres, to her husband's brother, Orrin Carver, and took a mortgage from him upon said one hundred acres to secure the remainder of the purchase-money, and then caused said Orrin Carver to convey said forty-two acres to Byron Carter, the plaintiff's husband, subject to said mortgage; that the plaintiff never consented to any change of the contract, nor to the

making of said deed to her husband, and never accepted said deed; that the defendant foreclosed his mortgage, and at the foreclosure sale bought in the property, whereby the plaintiff lost her money.

No question arises upon the pleadings. The issues were tried by a jury, who found for the plaintiff, $500, and, with their verdict, returned answers to interrogatories as follows:

"1st. Was not Byron Carter the agent of his wife, Lucinda Carter, for ten years last past? Ans. Yes.

"2d. Was that agency a general one, to take and use the property in his own name, which belongs to the plaintiff? Ans. Yes.

"3d. Was there a revocation of that agency? Ans. Yes.

"4th. Was there any proof that Orrin Carver is insolvent, or was insolvent when this suit was brought? Ans. No.

"5th. While Byron Carver was acting as the agent of plaintiff, did he take a deed from Orrin Carver for the land described in the plaintiff's complaint, instead of from Jacob Leedy? Ans. From Carver."

No objection was made to the interrogatories nor to the answers thereto. The defendant moved for judgment in his favor upon the answers to the interrogatories, notwithstanding the general verdict, and the plaintiff moved for judgment upon the verdict. The latter motion was overruled; the defendant's motion was sustained, and judgment was rendered for defendant for costs.

The plaintiff moved for a new trial, for the following reasons:

1st. The answers of the jury to the special interrogatories are each contrary to law.

2d. The answers of the jury to the special interrogatories are each contrary to the evidence.

3d. The court erred in rendering a judgment for the defendant on the special findings, the general verdict being for the plaintiff.

The motion for a new trial was overruled. The plaintiff appealed from the judgment. She assigns errors:

1st. The court erred in rendering judgment for the appellee on the answers of the jury to the interrogatories, the general verdict being for the appellant.

2d. The court erred in overruling appellant's motion for judgment on the general verdict in her favor.

3d. The court erred in overruling appellant's motion for a new trial.

If the court below erred in overruling the appellant's motion for judgment on the general verdict, its judgment for the appellee ought to be reversed. Under our statutes, judgment must be rendered on the verdict, unless the same be " irreconcilably inconsistent " with the answers to the interrogatories. *Woollen* v. *Wishmier*, 70 Ind. 108; *Byram* v. *Galbraith*, 75 Ind. 134. And the antagonism must be incapable of removal by any evidence legitimately admissible under the issues. *Amidon* v. *Gaff*, 24 Ind. 128. And all the facts necessary to authorize a conclusion adverse to the verdict must appear by the answers to the interrogatories. *The Bellefontaine R. W. Co.* v. *Hunter*, 33 Ind. 335. And if such answers be so uncertain that their meaning can not be definitely ascertained, or if the answers do not show the facts of the case, so that this court can judge correctly of its merits, the general verdict will control. *Comer* v. *Himes*, 49 Ind. 482; *The Indianapolis, etc., R. R. Co.* v. *McCaffrey*, 62 Ind. 552. And if the answers be inconsistent with each other, the general verdict will stand. *Byram* v. *Galbraith, supra.*

The answers to the interrogatories in the case at bar are not inconsistent with the general verdict for the plaintiff. They show that the plaintiff's husband was her general agent, but they also show that such agency was revoked; they show that while her husband was acting as her agent he took a deed from Orrin Carver, instead of from Jacob Leedy; but they fail to show that the plaintiff authorized or ratified that act. The general verdict finds that the appellee made and violated the contract, as stated in the complaint. The defence sug-

gested is that the action of plaintiff's husband was either authorized by her, or afterwards by her ratified, either expressly or impliedly; but the answers to the interrogatories do not make that defence sufficiently appear. They fail to show such an authority or such a ratification. The court, therefore, erred in overruling the appellant's motion for judgment on the general verdict, and for this error the judgment ought to be reversed. This result renders it unnecessary to consider the other errors assigned.

PER CURIAM.—It is therefore ordered by the court, upon the foregoing opinion, that the judgment of the court below be and it is hereby in all things reversed, at the costs of the appellee, and this cause is remanded with instructions to the court below to render judgment for the appellant upon the general verdict.