## Delawter *v.* The Sand Creek Ditching Company.

Ditching.—Suit on Assessment for.—In a suit by a ditching company, to recover an assessment made upon land improved by a ditch constructed through it, it is not necessary that an estimate of the final cost of completing the work contemplated should be made before suit is brought.

Draining Association.—Existence of.—Under the act authorizing the organization of associations for the purpose of constructing levees and drains, the existence of such associations must be judicially taken notice of by the courts of the county or counties in which the articles of association are recorded; and the Supreme Court, on appeal, will presume that the action of the lower court, in the determination of this question, was correct.

APPEAL from the *Madison* Circuit Court.

Ray, J.—Action upon an assessment made upon certain land owned by the appellant, and which was improved by

a ditch constructed through the same. A demurrer to the complaint was overruled. The objections to the complaint stated, but not discussed in the appellant's brief, present, with one or two exceptions, questions already disposed of by this court, in accordance with the ruling of the court below in this case. *Anderson* v: *The Kerns Draining Co.*, 14 Ind..199 ; *Eel River Draining Association* v. *Topp*, 16 Ind. 242. It is also objected that no estimate of the final cost of completing the work contemplated had been made. There seems to be no such requirement in the statute. It might perhaps be matter of defense, that the amount demanded was a greater assessment upon the resulting benefit to all parties liable, over and above the damages to be paid to persons injured, than would be required to complete the work.

An answer in several paragraphs was filed, in which questions involving the existence of the corporation are presented. The act under which the corporation was organized, declares that "the existence of such corporation shall be judicially taken notice of in the courts of the county, or counties, in which the articles are so recorded, without specially pleading the same." The judge before whom the question is presented must determine from an inspection of the county records whether the corporation has been legally organized. There being, however, no provision for bringing these records to us, and as we cannot go to them, we must always presume the action of the lower court to have been correct, in the determination of this question.

Error is assigned upon the giving and refusal of certain instructions to the jury. We have carefully examined the instructions as given and refused, and we regard the ruling of the court as proper, and as presenting the case fairly to the jury. We do not regard it as our duty to incumber the reports with the mass of instructions presented for the consideration of the jury in the Circuit Court.

There was a general finding for the plaintiff. In answer to a special question by the appellant, the jury found that

thirty acres of the land was benefited. The assessment was made upon eighty acres. The amount in money fixed by the general verdict and by the special finding is the same, and the only difference between the findings is that by the general verdict the lien attaches to the eighty acres described in the complaint, and by the special· finding it would be limited to the thirty acres found to have been benefited. If the special finding by the jury had been sufficient to authorize a judgment for either the appellant or appellee, it would probably have controlled the judgment rendered by the Circuit Court. But no effort was made by the appellant to require a description of the premises benefited, and the answer to the interrogatory, as it stands, must be rejected. The party asking that a special finding shall control a general one, must see to it that his finding is sufficient.

. The judgment is affirmed, with ten per cent. damages and costs.

*W. R. Pierse* and *H. D. Thompson,* for appellant.

*H. Cravens* and *W. March,* for appellee.