MONROE v. THE ADAMS EXPRESS COMPANY.

EXPRESS COMPANY.—*Action for Failure to Deliver Money.*—*Answers to Interrogatories.*—*Judgment Non Obstante.*—*Principal and Agent.*—In an action against an express company, to recover for money entrusted to it

by the plaintiff for delivery to another, and alleged to have been lost, the jury, with their general verdict for the plaintiff, found specially, in answer to interrogatories, that the money had been received from the plaintiff, by the agent of the company, for delivery to the consignee, and that the package containing it had been delivered by another agent, with the seals unbroken, to one not the consignee.

*Held,* the evidence not being in the record, that the answers are not inconsistent with the general verdict.

**SAME.**—*Motion.*—*Exception.*—*Record.*—A motion for a judgment *non ob stante,* and an exception to the ruling thereon, are parts of the record.

From the Ohio Circuit Court.

*A. C. Downey, H. S. Downey* and *J. S. Jelley,* for appellant.

*E. C. Devore,* for appellee.

PERKINS, J.—Suit by the appellant, against the appellee, to recover the value of a package of money alleged to have been lost by the latter.

Answer, general denial.

Trial by jury; verdict for the appellant, accompanied by answers to interrogatories, as follows:

" The plaintiff asks and requests the court to propound the following interrogatories to be answered by the jury:

" 1. Did Miss Monroe write a letter and direct the same W. H. Thayer & Co., on or about the 25th of July, 1877, inclosing in the envelope one hundred dollars, and deliver the same to Dalrymple, to be shipped to Cincinnati?

"Ans. Yes.

" 2. Did Dalrymple receive the one hundred dollars from Miss Monroe after she had taken it to his office, and did Miss Monroe leave the one hundred dollars with him?

"Ans. Yes.

" 3. At the time Miss Monroe took and delivered the one hundred dollars to Dalrymple, was he then the authorized agent of the defendant?

"Ans. Yes.

" 4. Did Dalrymple seal up with wax the envelope, in

the presence of Miss Monroe, after she had placed the one hundred dollars in the envelope?

"Ans. Yes.

" 5.   Had the Express Company notice of the loss of the said one hundred dollars, within thirty days after the same was given to their agent, Dalrymple, at Rising Sun, Indiana, on the 25th of July, 1877?

"Ans. Yes.

" 6. Did Dalrymple, the agent of the Express Company, at the request of Miss Monroe, notify the Company of the loss of the package, within thirty days after it was delivered to their agent?

"Ans. Yes.          Solomon R. Kittle, Foreman."

" Comes the defendant and requests the court to propound to the jury, on behalf of the defendant, the following interrogatories, to be answered by them in case they find a general verdict:

"1.   Was the one hundred dollars, for which this suit is brought, in the envelope when it was delivered to Joseph Dalrymple, the agent of defendant at Rising Sun, Ind., on the 25th day of July, 1877?

" Ans. Yes.

" 2.   Was it sealed up with wax by Joseph Dalrymple, and the seal of the Rising Sun office impressed upon the wax by said Joseph Dalrymple?

" Ans. Yes.

" 3.   Were whatever contents that was in the envelope when delivered by plaintiff to defendant's agent, Dalrymple, and sealed up by him, delivered to defendant's messenger, W. L. Dickson?

" Ans. Yes.

" 4.   Were the seals and envelope in good order when delivered to the messenger, W. L. Dixon, by Dalrymple?

" Ans. Yes.

" 5.   Were the seals and envelope in good order and

intact when delivery was made to the money clerk, J. A. G. Roberts?

" Ans. Yes.

" 6. Were the seals and envelope intact and in good order when it was delivered by the money delivery clerk, Jesse L. Little?

" Ans. Yes.

" 7. Were the seals and envelope in good order and intact when it was delivered to Thomas P. Felter?

" Ans. Yes.

" 8. If the one hundred dollars was in the envelope when delivered, and sealed with wax by the agent, Dalrymple, who took it out?

" Ans. The evidence does not disclose.

" 9. If the one hundred dollars was in the envelope when delivered to, and sealed up by, the agent, Dalrymple, where was it taken out?

" Ans. The evidence does not disclose.

" 10. Did the plaintiff, Martha Monroe, make claim in writing, of the defendant, for the loss of said one hundred dollars, at their office in Rising Sun, Ind., within thirty days from the 25th day of July, 1877?

" Ans. Yes.

" 11. Did the plaintiff, Martha Monroe, make a claim in writing, of any officer or agent of the defendant for the loss of said one hundred dollars, within thirty days from the 25th day of July, 1877, to which the original receipt was attached?

" Ans. Yes, except the attachment of company's receipt.                SOLOMON R. KITTLE, Foreman."

The appellee interposed the following motion, viz.: " That the court render judgment in their favor, notwithstanding the general verdict, upon the answers to interrogatories, because said answers are inconsistent with the general verdict."

The appellant moved orally for judgment on the general verdict.

The court sustained the former motion, and overruled the latter. Exceptions were entered.

The answers to interrogatories were not inconsistent with the general verdict.

The general verdict implied a finding by the jury of these facts, viz., that the appellee had received the appellant's money, upon an agreement to deliver it to W. H. Thayer & Co., at Cincinnati, Ohio, and that appellee had not delivered it pursuant to the agreement, but should have done so.

The answers to interrogatories affirm the facts, that the appellee had received the money of appellant, to be delivered to said Thayer & Co., for the appellant, but fail to show that it had been so delivered, or any excuse for the failure to make such delivery.

Those answers enabled the jury to follow the money to the hands of Thomas P. Felter, but they fail to disclose any connection between him and W. H. Thayer & Co., and the evidence is not in the record.

The general verdict shows, that the appellees were liable to pay the money to the appellant, and the answers to interrogatories show nothing to the contrary. The two are not inconsistent, but are consistent, but the latter rather affirmatively support the former.

Such being the case, the court should have rendered judgment on the general verdict for the plaintiff.

Judgment goes, of course, on the general verdict, in the absence of any valid objection thereto.

It is said in *Delawter* v. *The Sand Creek, etc., Co.*, 26 Ind. 407 : "The party asking that a special finding shall control a general one, must see to it that his finding is sufficient."

Answers to interrogatories and special findings are a part of the record, and, where a motion is made for judg-

ment on such findings or answers, it becomes a part of the record, and so does an entry of exception to a ruling thereon.

The court erred in failing to render judgment on the general verdict.

Reversed, with costs, and cause remanded, with instructions to render judgment on the general verdict.