THE STATE, EX REL. EVANS, AUDITOR OF STATE, *v.* THE PRESIDENT AND DIRECTORS OF THE PERU AND INDIANAPOLIS RAILROAD COMPANY.

BILL OF EXCEPTIONS.—*Documentary Evidence.*—A bill of exceptions may be made and signed by the judge, without setting out therein documents which have been given or offered in evidence, by referring to such evidence and designating its proper place by the words "here insert." But when the clerk

The State, *ex rel.* Evans, Auditor of State, *v.* The President, etc., P. & I. R. R. Co.

is left to copy into such bill of exceptions the documentary evidence, it must in some way appear that the instruments he copies are those that were read or offered in evidence.

From the Marion Common Pleas.

*L. Barbour* and *C. P. Jacobs,* for appellant.

*C. Baker, O. B. Hord,* and *A. W. Hendricks,* for appellees.

Downey, C. J.—This was an action by the appellant against the appellees, predicated on sections 42 and 43 of the act for the assessment and collection of taxes, of June 21st, 1852, found in 1 G. & H. 79, for the recovery of the taxes charged against the company for 1856, 1857, and 1858, with the interest and penalties. The defendants demurred to each of the two paragraphs of the complaint, and the demurrers were overruled. They then answered in four paragraphs. A demurrer filed by the plaintiff to the fourth paragraph was sustained, and there was a reply by denial to the second and third. The issues were tried by the court, and there was a finding for the defendants. The plaintiff asked for a new trial, but the motion therefor was overruled. The only error properly assigned is the overruling of this motion.

Objection is urged to the bill of exceptions, which is in the record, that it does not appear to be a bill of exceptions in this case; that it has no proper and appropriate commencement; and, also, that the documentary evidence set out in it is not in any way identified as that which was given in evidence. These objections are urged in the brief of counsel for the appellees, and there is, also, filed by them a formal motion to strike out the documentary evidence.

We need not decide the first and second objections, which go to the whole bill of exceptions; for if the documentary evidence, to which reference is made, is not properly in the bill of exceptions, the judgment will have to be affirmed, the question presented depending upon the evidence being all in the bill of exceptions.

There are twenty-two documents copied into the record. As to the first, the bill of exceptions says: " Paper marked No. 1, which accompanies this record and is part thereof,

The State, *ex rel.* Evans, Auditor of State, *v.* The President, etc., P. & I. R. R. Co.

said paper purporting to be a statement certified by Jacob T. Wright, Auditor of Marion county, Indiana, of the assessment of the property of the Peru and Indianapolis Railroad Company, the rates of taxation and the amount of the taxes assessed thereon against said company for the years 1856, 1857, and 1858," was offered in evidence, etc. The defendant objected, etc. "The objection was overruled by the court, to which ruling the defendant at the time excepted. So the paper marked No. 1 was admitted in evidence." Then follows in the bill of exceptions a tabular statement, without any number and not certified or signed by Jacob T. Wright or by any one else. The other documents are in the bill of exceptions, according to a similar formula.

A bill of exceptions may be made and signed by the judge, without setting out therein the documents which have been given or offered in evidence. It is sufficient to refer to such evidence, if its appropriate place be designated by the words "here insert." 2 G. & H. 209, sec. 343.

But when the clerk is left to copy into the bill of exceptions the documentary evidence, it must in some way appear that the instruments which he has copied are those that were offered or read in evidence. Here, there is not only no such statement, but, on the contrary, the description, in the bill of exceptions, of the instruments would seem to show that they are not those which were read in evidence. *Kesler v. Myers*, 41 Ind. 543. As the question for our decision depends upon the evidence, as we have said, and as that is not properly in the bill of exceptions, we can not decide it, but must affirm the judgment.

The judgment is affirmed, with costs.