## OHM v. YUNG.

PRACTICE.—*Judgment Non Obstante.— Verdict.—Special Findings.*—Judgment on the special findings of a jury, notwithstanding their general verdict, can be rendered only when the former are inconsistent with the latter.

PROMISSORY NOTE.—*Interest.—Mistake.—Pleading.—Evidence.*—In an action on a promissory note stipulating for the payment of a specified sum, "with ten per cent.," the plaintiff is entitled to have interest computed at the rate of ten per cent., without either averment or proof of mistake.

SAME.—*Harmless Error.*—Evidence which, though possibly erroneous, is harmless, is not sufficient ground for a new trial.

From the Vigo Circuit Court.

*W. E. Hendrich* and *J. G. Williams*, for appellant.

*T. W. Harper, J. M. Allen, W. Mack* and —— *Davis*, for appellee.

HOWK, C. J.—In this action, the appellee sued the appellant, in a complaint of three paragraphs, upon a promissory note, of which the following is a copy :

"$500.00.    TERRE HAUTE, Ind., December 13th, 1870.

"One year after date, I promise to pay to the order of Charles Yung *fife hundret* dollars, value received, without any relief from valuation or appraisement laws, with 10 per cent.

(Signed,)            " JACOB FISCHER,<br>" E. OHM."

In the first paragraph of his complaint, the appellee alleged, in substance, that, on the 13th day of December, 1870, the appellant and one Jacob Fischer, by their note, a copy of which was filed with and made part of said paragraph, promised to pay the appellee five hundred dollars, in one year after date, for and in consideration of $500.00 at that time loaned to said Fischer for one year by the appellee; that when said note was written, " by a mistake of the scrivener," the word " interest " was omitted after the words, " with 10 per cent. ;" that it was understood and agreed by and between all the parties to said note, before and at the time of its execution, that it was to draw interest at the rate of 10 per centum per annum from its date ; that the scrivener, in writing the words "five hundred dollars" in the body of said note, by mistake wrote the same "fife hundret dollars;" and that by the words, " fife hundret," were meant and intended "five hundred." And the appellee - asked, that the court would reform the contract so as to correspond with the facts above stated, and for judgment for eight hundred dollars, and for other relief.

The second paragraph of the complaint differs from the first paragraph only in this, that it charges the alleged mistakes in the note sued on to be the " mistake or fraud " of Jacob Fischer, one of the makers of said note, who

wrote the said note, and that it was due and unpaid; and in this, that it admitted that the interest had been paid on said note until December 13th, 1873, and judgment was asked for as in the first paragraph.

The third paragraph was the same as the second paragraph of the complaint, except that it contained no allegation of any mistake or fraud in the note sued on, and judgment was demanded therein for eight hundred dollars, and for other relief.

The appellant's demurrer to the third paragraph of the complaint, for the want of sufficient facts therein, was sustained by the court.

The appellant then answered in two paragraphs; the first was a general denial, and the second paragraph was in the nature of a special denial.

The cause was tried by a jury, and a general verdict was returned for the appellee, assessing his damages at six hundred and three dollars and ninety cents. With their general verdict, the jury also returned their special findings on particular questions of fact submitted to them in writing, under the direction of the court, as follows:

"1.    Did Ohm and Yung ever talk about the rate of interest the note was to bear before the note was executed?

"Ans.    He did not before, but he did in a few days after.

"2.    Did Ohm and Yung ever agree before the note was executed, that the note should bear 10 per cent. interest from date?

"Ans.    They did not.

"3.    Did not Fischer bring the note to Yung, signed as it now is, before Yung had any talk with Ohm about it?"

"Ans.    He did.

"4.    Is not Ohm simply surety on the note?"

"Ans.    As between Fischer and Ohm, he is surety.

" 5. Did not Ohm know, when the note was given, that it was to bear 10 per cent. interest?

" Ans. He did."

The appellant moved the court for judgment on the special findings of facts, notwithstanding the general verdict ; which motion was overruled, and to this decision he excepted. His motion for a new trial was also overruled, and to this ruling he excepted, and judgment was rendered on the general verdict.

The following decisions of the circuit court have been assigned by the appellant, as errors, in this court:

1. In overruling his motion for a judgment, in his favor, on the special findings of the jury ; and,

2. In overruling his motion for a new trial.

1. The appellant's motion for a judgment, in his favor, on the special findings of the jury, notwithstanding their general verdict, was correctly overruled. There was no substantial or material inconsistency between the special findings of facts and the general verdict of the jury. It is only " When the special finding of the facts is inconsistent with the general verdict, the former shall control the latter, and the court shall give judgment accordingly." 2 R. S. 1876, p. 172, sec. 337. *Murray* v. *Phillips*, 59 Ind. 56, and *Hollingsworth* v. *Trueblood*, 59 Ind. 542.

2. In the appellant's motion for a new trial of this action, the following causes for such new trial were assigned:

1. The verdict of the jury was contrary to law ;

2. The verdict of the jury was not sustained by the evidence ;

3. In giving the one instruction asked for by the appellee ; and,

4. Error of law occurring at the trial, in this, to wit :

1st. In admitting, over the appellant's objection, the

part of the appellee's testimony wherein he detailed a conversation with one Jacob Fischer, when Ohm was not present, as to what rate of interest the note in suit was to bear; and,

2d.   In allowing the note in suit to be examined by the jury, after the evidence was closed, the arguments of counsel ended, and the instructions of the court finished, and the jury charged by the court.

5.   The damages assessed by the jury were excessive.

We will consider and decide such questions only arising under the second alleged error, as the appellant's counsel have presented and discussed in their brief of this cause in this court.   Over the appellant's objections and exceptions, the court permitted the appellee, Yung, to testify as a witness in his own behalf, as follows:

"Fischer came to me, and asked me to let him have $500 more money, at the same rate of interest he was paying on the other note, and I said I would; and in two or three days he brought me the note sued on, and I let him have the money.   Ohm, the defendant, was not present at this conversation, nor when Fischer brought me the note."

We fail to see wherein or how this evidence could possibly harm the appellant.   No effort was made by the appellee to prove "the rate of interest" Fischer "was paying on the other note," so that, it seems to us, if the court erred in the admission of the testimony objected to, the error is entirely harmless, and we can not reverse a judgment for such an error.

The appellant complains of an instruction of the court to the jury trying the cause, as follows:

"If the note was for borrowed money, and the agreement of the parties was to have it written so as to bear 10 per cent., but by mistake the word 'interest' was left out, and Ohm knew that it was to bear 10 per cent., then you

Ohm *v.* Yung.

should find for the plaintiff the amount of note and interest, less payment."

We find no error in this instruction. Indeed, it seems to us that as it was the duty and province of the court to construe and interpret the note or contract in suit, the court might well have gone further, and instructed the jury that the words and figures, "with 10 per cent.," as used in said note, meant that it should be paid with 10 per cent. interest, or with interest at the rate of 10 per centum per annum. This was certainly the meaning of the words, " with 10 per cent.," as used in the note in suit, and the court should have so instructed the jury. There was no necessity for any reformation of the note, for its terms were not ambiguous or uncertain as to the rate of interest the note should bear. Where there is no ambiguity in the written contract or note sued upon, the court must declare the legal effect of the instrument, and instruct the jury as to what it means. *Symmes* v. *Brown*, 13 Ind. 318; *Comer* v. *Himes*, 49 Ind. 482; *Lowry* v. *Megee*, 52 Ind. 107; *Morris* v. *Thomas*, 57 Ind. 316; *White* v. *Webster*, 58 Ind. 233.

The appellant's counsel insist, that the court erred in allowing the jury to inspect and examine the note in suit, after the trial of the case had been fully closed. We can see no error in this action of the court, and the appellant has failed to show us that he was injured thereby in any particular.

Finally, it is claimed that the general verdict was not sustained by sufficient evidence. But, construing the note in suit as we do, we think that the note, in and of itself, was sufficient evidence to sustain the general verdict.

In our opinion, no error was committed by the court in overruling the appellant's motion for a new trial.

The judgment is affirmed, at the appellant's costs.