Woollen *et al. v.* Wishmier.

Petition for a rehearing overruled at May term, 1880.

---

WOOLLEN ET AL. *v.* WISHMIER.

SUPREME COURT.—*Refusal to Strike out part of Pleading.*—The overruling of a motion to strike out part of a pleading is not available as error, in the Supreme Court.

MECHANIC'S LIEN.—*Complaint —Parties Defendants to answer as to their Interest.—Subsequent Purchaser —Demurrer.*—In an action to enforce a mechanic's lien on real estate, wherein a subsequent purchaser thereof at sheriff's sale is made a defendant to answer as to his interest, the com-

Woollen *et al. v.* Wishmier.

plaint need not show a cause of action against him, as it is his duty, if he would protect his title, to set it up affirmatively ; nor can he demur to the complaint on the ground that it stated no cause of action against the alleged owner of the real estate.

SAME.—The complaint, in such an action, may be sufficient to authorize a recovery for labor and material furnished, though not to enforce the lien.

SAME.—*Answers to Interrogatories.*—*Motion for Judgment on.*—In an action against the holder of the legal title, and also against a subsequent purchaser at a sheriff's sale, to enforce a mechanic's lien for labor done and material furnished in building a hog-pen, the jury, with their general verdict for the plaintiff, found specially that the building had been occupied, and a bill for the labor and material presented, more than sixty days prior to the filing of the lien for record ; and that, within the sixty days, a chute had been added to the pen, the defendant owner doing the work, and he and the plaintiff jointly furnishing the material.

*Held,* on motion for judgment *non obstante,* that the special findings are not irreconcilably inconsistent with the general verdict.

BILL OF EXCEPTIONS.—*Short-Hand Reporter's Notes of Evidence.*—A bill of exceptions referred to the appointment of a short-hand reporter to take down the evidence, rulings and exceptions, and also referred to such reporter's certified report of such evidence, etc., but did not state that it contained all the evidence given. Following the signature of the judge, but unsupported by either the signature of the judge or the certificate of the clerk, there were attached such reporter's notes of the evidence, etc., supported by his certificate that it contained "a fair and impartial report of all the evidence heard on the trial of said cause."

*Held,* that, neither under section 343 of the practice act nor under section 6 of the act concerning short-hand reporters, 1 R. S. 1876, p. 770, had the evidence been properly made a part of the record.

From the Marion Circuit Court.

*T. H. Bowles, J. E. McDonald, J. M. Butler, F. B. Mc-Donald* and *G. C. Butler,* for appellants.

*B. K. Elliott, J. B. Elam* and *W. Henderson,* for appellee.

BIDDLE, C. J.—Christian F. Wishmier brought this complaint against August Drascher and George V. Thayer, to enforce a mechanic's lien against certain real estate described, for materials furnished, and work done in building certain hog-pens upon said real estate, appurte-

nant to a distillery then owned by Drascher and Thayer. William W. Woollen and Willis S. Webb, who had subsequently purchased the real estate at sheriff's sale, upon a decree in their favor against Drascher and Thayer, and who claimed title thereto, were made defendants in the complaint. There were also other defendants in the court below, but, as none have appealed to this court except Woollen and Webb, we take no further notice of those who are not before us.

The complaint was originally in four paragraphs, but the case was dismissed as to the second and third paragraphs. A separate demurrer, for want of facts, was overruled to the first and fourth paragraphs of complaint, and exception reserved. Several paragraphs of answer were filed by Woollen and Webb, to which replies were filed, and upon which various questions by demurrer were raised, but, as argument upon these is waived in the brief of appellants, we do not state them.

Trial by jury, general verdict for appellee, with a special finding upon various answers to interrogatories propounded to the jury. Motion for judgment on the special finding, notwithstanding the general verdict, overruled; motion for a new trial overruled, and judgment for the amount found due, and, in default of payment, for a sale of the property, —to all of which exceptions were reserved.

The pleadings are complicated, but we notice only such questions as arise between Woollen and Webb, as appellants, and Wishmier, as appellee, and are discussed in their briefs.

1. The appellants moved to strike out of the first paragraph of the complaint all that part, designating it, which averred the filing of the mechanic's lien by the appellee. The court overruled this motion. The appellants think this is error; but we think not. We have often held that overruling such a motion presents no available error to

this court. The motion did not raise the question of the sufficiency of the complaint, as the appellants seem to think. The appellee sought no remedy against the appellants; it was not necessary, therefore, that the complaint should show a cause of action against them. They were made defendants upon the supposed ground that they had some interest in the property; so that, if they had, they could plead it in their defence. The contest between the appellants and the appellee had not yet appeared in the record.

2. A similar motion was made to the fourth paragraph of the complaint, and a similar ruling had thereon. As these two paragraphs are the same in principle, as between the appellants and the appellee, the same ruling upon both was proper.

3. As it was not pretended that the facts stated in either paragraph of the complaint constituted a cause of action against the appellants, except to require them to answer if they had any claim to the property in controversy, and as the appellee sought no relief against them, their demurrer to the complaint presented no question upon the merits of their claim to the property, available upon appeal; for they could not demur to the complaint, because it stated no sufficient cause of action against Drascher and Thayer. Besides, if they could, the demurrer was properly overruled; for it is very clear that the complaint states a sufficient cause of action against them for the material furnished and the work done, even though they have not sufficiently averred their right to hold a mechanic's lien upon the property. It is also clear that the complaint is sufficient to require the appellants to answer if they have any claim to the property against which the lien is sought.

4. Overruling the motion for judgment in favor of the appellants on the special finding, notwithstanding the

general verdict in favor of the appellee. This is insisted upon by the appellants as error. They base their argument upon the following questions and answers:

" 3. Were not the five hog-pens in use about the first of May, A. D. 1872?

" Answer. Yes.

" 5. Did not Wishmier, about the last of April or the first of May, A. D. 1872, present to Drascher & Thayer his bill for labor and materials used in the construction of the five hog-pens, and demand a settlement for said labor and materials?

" Answer. Yes.

" 7. If any work was done, or materials furnished for the hog-pens, by Wishmier, between about the last of April or the first of May, A. D. 1872, and about the middle of August, A. D. 1872, state what work was done, and what materials furnished, and what workmen did the work?

" Answer. Hog-chute built, and slats nailed on; lumber therefor furnished by Wishmier; Drascher & Thayer's hired men did the work.

" 15. Was not the hog-chute built jointly by Drascher & Thayer and Wishmier, each party furnishing part of the materials?

" Answer. Yes."

We can not perceive any inconsistency between the special finding and the general verdict. They seem to us to be in harmony—each consistent with the other. The argument of the appellants is, that, as the special finding shows that the appellee filed the notice of his intention to hold a lien on the property with the recorder on the 1st day of October, 1872, the hog-pens were in use about the first of May, 1872; that Wishmier presented his claim for the materials and work to Drascher & Thayer, and for a settlement, about the first of May, 1872; that

there were no materials furnished for and no work done upon the hog-pens from the first of May, 1872, until the middle of August, 1872, except building the hog-chute, nailing the slats on—the lumber being furnished by Wishmier, and the work done by Drascher & Thayer's hired men; that the hog-chute was built jointly by Drascher & Thayer and Wishmier—each party furnishing a part of the materials; that, therefore, the appellant did not file the notice of his lien within sixty days after the completion of the hog-pens, as required by the statute. They contend that the hog-chute was built jointly by Drascher & Thayer and the appellee, and, being so built, the appellee could not take his lien for it, or any part of it, upon the property. In short, the appellants insist that the special finding shows that the hog-pens were completed on the 1st of May, 1872, and that the notice of the lien was not filed until the 1st of October, 1872, and therefore not within sixty days of the completion of the work.

We do not see the argument in that light. Because the hog-chute was built jointly by Drascher & Thayer and the appellee, it does not follow that the appellee is not entitled to his lien on the property for his share of the materials furnished and the labor by him performed, nor that the hog-pens were completed on the 1st of May, 1872. Besides, the share that Drascher & Thayer had in building the hog-chute might have been compensated in some way by the appellee, and thus have left him with his right to a lien for the entire material furnished and work done in building the hog-chute. The special finding rather shows that the hog-pens were not completed until the hog-chute was built. It must be remembered that a special finding must be irreconcilably inconsistent with the general verdict, before the latter can be set aside and the former substituted in its place. There might have been legiti-

mate evidence before the jury, proving that the appellee was entitled to his lien for building the hog-chute, notwithstanding the work and material were partly done and furnished by Drascher & Thayer. *The Indianapolis and Vincennes R. R. Co.* v. *McCaffrey,* 62 Ind. 552; *The Indianapolis and St. Louis R. R. Co.* v. *Stout,* 53 Ind. 143; *Thompson* v. *The Cincinnati, Lafayette and Chicago R. R. Co.,* 54 Ind. 197; *Alexander* v. *The N. W. Christian University,* 57 Ind. 466; *Murray* v. *Phillips,* 59 Ind. 56; *Ohm* v. *Yung,* 63 Ind. 432.

5. We are met at this point by a question insisted upon by the appellee, namely, that the evidence given at the trial is not properly made a part of the record; and, as the other questions urged by the appellants depend upon the decision of this, we proceed to examine it at once.

A bill of exceptions, over the signature of the judge, informs us that the court appointed Charles W. Stagg an official short-hand reporter, who was sworn accordingly, to report the evidence and the rulings of the court thereon, in the case, and which he accordingly did report, and "which said report and record of evidence and rulings of the court, certified by said reporter, were duly filed in open court, on June 5th, 1875, and made a part of the record of this cause, to which report and record of evidence and rulings of the court and exceptions thereto, said defendants Woollen & Webb hereby refer, as a part of and embodied in this bill of exceptions."

Below the signature of the judge is the following entry:

" Which said original manuscript of evidence, so incorporated in the foregoing bill of exceptions, duly certified by the said official reporter, reads in the words and figures following, to wit:"

Here follows the certificate of the reporter, signed by him, "that the foregoing is a fair and impartial report of

all the evidence heard on the trial of said cause. Witness my hand," etc.

There is no signature of the judge below the report, nor is it certified to in any manner by the clerk of the court. It is plain that the evidence in this case is not made a part of the record under section 343 of the code, which provides that:

"It shall not be necessary to copy a written instrument or any documentary evidence into a bill of exceptions ; but it shall be sufficient to refer to such evidence, if its appropriate place be designated by the words ' here insert.' "

No part of the evidence is written in the bill of exceptions above the signature of the judge, and no place designated by the words " here insert," wherein it should be written ; nor does it anywhere state in the bill of exceptions, above the signature of the judge, that it contains all the evidence given in the case.

But it is claimed by the appellants that the evidence is properly made a part of the record under section 6 of the act of March 10th, 1875, 1 R. S. 1876, p. 771, which is as follows :

" Sec. 6. Whenever, in any cause, such verbatim report shall have been made by an official reporter, the original long-hand manuscript of the evidence, by him made, may be filed with the clerk of the court by the party entitled to the use of the same, and in case of an appeal to the Supreme Court, or superior court in general term, it shall be the duty of the clerk, if requested to do so by said party, to certify the said original manuscript of evidence, when the same shall have been incorporated in a bill of exceptions to the Supreme Court or other court of appeal, instead of a transcript thereof, and the said original manuscript of evidence may be used in the Supreme Court, or other court of appeal, in the same manner, and for all purposes

in and for which a certified transcript thereof might heretofore be used, and in such cases the clerk of the court shall not be entitled to any fees for that part of the transcript of record containing the evidence."

This section does not change the practice in making testimony or oral evidence a part of the record by a bill of exceptions, but simply provides that the long-hand manuscript of a short-hand reporter, " when the same shall have been incorporated in a bill of exceptions," may be used as a part of the transcript of the record, and the clerk shall not charge fees therefor. It can not fairly be supposed that the Legislature intended to substitute the reporter's manuscript as a part of the record without incorporating it into a bill of exceptions, and thereby receiving the sanction of the judge's signature, and the official certificate of the clerk. There is no method provided by law to make testimony, or other oral evidence, a part of the record, except to incorporate it into a bill of exceptions. To incorporate such evidence into a bill of exceptions means to make it a part of the body of the bill of . exceptions, by some method known to the law. This may be done under section 343, either by copying it into the bill, or, if it be written or documentary evidence, by designating its proper place by the words " here insert." This, in the present case, has not been done by either method. Nor do we think it competent for the short-hand reporter to certify that his report contains all the evidence given in the case. The act under which he is appointed confers no such authority upon him. Only the judge can judicially know and judicially say what constitutes all the evidence given in the case, and he must say it in the bill of exceptions, over his signature, or in some method authorized by law. Even if the words in the reporter's certificate had been used in the bill of exceptions, we have some doubts of their sufficiency. The

words " all the evidence heard on the trial of said cause " are not equivalent in meaning to the words " all the evidence given in the trial of the case ; " for much evidence may be heard which is not given to the jury or the trying body ; and frequently evidence is given in a case in writing which is not heard, but simply goes to the trying body without reading, or to the court for legal construction. This, however, is stated by way of caution ; we do not base our ruling upon any defect in the form of the short-hand reporter's certificate, but upon the ground that the statute does not empower him to make any such certificate, and the ground that it has not been properly made a part of the bill of exceptions.

It is out of our power to hold that the evidence in this case is properly before us. The following authorities will support our views :

*Anderson* v. *Lane*, 32 Ind. 102 ; *Stewart* v. *Rankin*, 39 Ind. 161 ; *Cluck* v. *The State*, 40 Ind. 263 ; *The Indianapolis, Pittsburgh and Cleveland R. R. Co.* v. *Irish*, 40 Ind. 277 ; *Kesler* v. *Myers*, 41 Ind. 543 ; *Burdick* v. *Hunt*, 43 Ind. 381 ; *Carver* v. *Carver*, 44 Ind. 265 ; *The State* v. *The President and Directors of the Peru and Indianapolis R. R. Co.*, 44 Ind. 350 ; *The Columbus and Indianapolis C. R. W. Co.* v. *Griffin*, 45 Ind. 369 ; *The Aurora Fire Ins. Co.* v. *Johnson*, 46 Ind. 315 ; *Jones* v. *Johnson*, 61 Ind. 257 ; *Kimball* v. *Loomis*, 62 Ind. 201 ; Buskirk Prac. 106, 107 ; *Sidener* v. *Davis*, 69 Ind. 336 ; *Galvin* v. *The State*, 56 Ind. 51.

As we are unable to hold that the evidence is properly before us, there is no remaining question in the record for our decision.

The judgment is affirmed, at the costs of the appellants.

Petition for a rehearing overruled.