The Baltimore, Ohio and Chicago Railroad Company *v.* Barnum.

No. 8986.

## The Baltimore, Ohio and Chicago Railroad Company *v.* Barnum.

Bill of Exceptions.—*Evidence.*—" *Offered* " and " *Given* " not *Equivalent.*— In a bill of exceptions, the words, " This was all the evidence *offered* in the cause," are not equivalent to the words, " This was all the evidence *given* in the cause."

Same.—" *Here Insert.*"—*Unauthorized Transcript of Exhibits Annexed.*—Unless a bill of exceptions contains the direction " here insert," the clerk is not authorized by the court to copy into the transcript exhibits annexed by him to the bill of exceptions after the signature of the judge.

Instruction.—*Expression of Confidence in Jury.*—A single instruction, briefly expressing confidence in the prudence and impartiality of the jury, is harmless.

From the Noble Circuit Court.

*J. H. Carpenter,* for appellant.

*A. A. Chapin,* for appellee.

Morris, C.—The appellee brought this suit against the appellant to recover the value of a quantity of wheat, which, it is alleged in the complaint, had been stored by the appellee in the appellant's warehouse, and was, on the 25th day of May, 1878, destroyed by fire, through the gross negligence and carelessness of the appellant.

The appellant answered the complaint by a general denial.

The cause was submitted for trial to a jury, who returned a verdict for the appellee. The appellant moved for a new trial; the motion was overruled, and judgment rendered for the appellee.

The overruling of the motion for a new trial is assigned as error.

There is a bill of exceptions in the record, which concludes with these words: "And this was all the evidence offered in the cause."

The appellee insists that the bill of exceptions does not purport to contain all the evidence in the cause, and that, for that reason, the question mainly discussed by appellant, as to whether the verdict is sustained by sufficient evidence, is not properly presented to this court for decision.

It appears from other statements in the bill of exceptions, that the appellee offered in evidence a warehouse receipt for wheat, which was objected to by the appellant, but whether it was read in evidence does not appear. The bill of exceptions refers to it in these words: "A copy of the receipt is filed herewith, marked 'Exhibit A.'" It is not otherwise referred to.

The bill of exceptions further states that "The plaintiff then introduced in evidence the summons and correspondence and letters in reference to the case, stating at the time that it was offered for the sole purpose of evidence of the value of wheat at the different times testified to, and to show that a demand had been made, and that the plaintiff had not been guilty of laches in bringing this suit. To the introduction of which the defendant objected upon the ground that the same was immaterial, irrelevant and improper; which was overruled. A copy of the letters thus introduced is hereto annexed, marked 'Exhibits B, C, E and F.'"

There is no other reference to the papers thus introduced in evidence than as above stated. No place is designated by the words "here insert," in the bill of exceptions, to indicate

to the clerk where the papers should be inserted. Certain papers seem to have been annexed by the clerk to the bill of exceptions after the signature of the judge. But this did not make such papers a part of the bill of exceptions. In the case of *Sidener* v. *Davis*, 69 Ind. 336, the court says: "By section 343, it is made unnecessary to copy a written instrument or any documentary evidence into a bill of exceptions, 'if its appropriate place be designated by the words "here insert;'" but in this case there is no such place designated wherein the evidence should be copied, and no reference in the bill of exceptions to the evidence thus omitted in any other part of the transcript. There is no authority, therefore, in the bill of exceptions, by which the clerk can copy therein the omitted evidence. In the subsequent part of the transcript, where the omitted papers are copied, the clerk has indicated, by citing the page in the bill of exceptions, wherein they should have been inserted; but this is the act of the clerk, without authority of law or the authority of the judge given in the bill of exceptions."

This language applies to the bill of exceptions in this case. "We can not hold the bill of exceptions in this case as properly in the record."

Nor does the bill of exceptions purport to contain all the evidence. The words, "This was all the evidence *offered* in the case," are not equivalent to the words, "This was all the evidence given in the cause." *Goodwine* v. *Crane*, 41 Ind. 335; *Woollen* v. *Wishmier*, 70 Ind. 108; *Douglass* v. *State*, 72 Ind. 385.

The evidence not being in the record, we can not say that the verdict was not supported by the evidence.

The only other question discussed by the counsel for the appellant relates to the charge of the court. The bill of exceptions states that the following charge was the only one given:

"You are not concerned in determining anything but what is legitimately before you. I do not think, knowing you as I do, you will carry anything with you into your private room but what is proper, and you can answer to God for. I

have no fears of prejudice.   I have known men too long to have any fears of that kind.   I have no fears but what you will do right between the parties."

This amiable expression of confidence in the prudence and impartial fairness of the jurors selected and accepted by the parties as triers of the cause was altogether harmless.

There is no available error in the record.

PER CURIAM.—It is ordered, upon the foregoing opinion, that the judgment below be affirmed, at the costs of the appellant.