Filed Jan. 5, 1886.

---

No. 11,878.

## LOWERY v. CARVER, ADMINISTRATOR.

SUPREME COURT.—*Bill of Exceptions.—Evidence.—Long-hand Manuscript.*— A clerk of the circuit court has no authority to incorporate the long-hand manuscript of the evidence into a bill of exceptions, unless a place is indicated therein where such manuscript may be inserted, as provided in section 626, R. S. 1881.

SAME.—Long-hand manuscript of the evidence will not constitute a part of the record on an appeal to the Supreme Court, unless the same is incorporated into a bill of exceptions.

SAME.—Where a bill of exceptions is signed and filed in the court below before the long-hand manuscript of the evidence has been written out, and no place is indicated in the bill where the same may be inserted, and such manuscript is not filed until six months later, and neither signed nor certified by the judge of the court, the same is not properly before the Supreme Court, and can not be considered.

From the Hamilton Circuit Court.

*R. D. Logan,* for appellant.

*M. S. Robinson* and *J. W. Lovett,* for appellee.

Howk, J.—The only error assigned by the appellant, which is properly assigned, is the overruling of his motion for a new trial. In this motion the only causes assigned for such new trial were as follows:

"1st. The verdict of the jury is not sustained by sufficient evidence; and,

"2d. The verdict of the jury is contrary to the law and the evidence."

It is manifest, therefore, that this appeal presents no question for our decision, if the appellee is right in claiming, as he does, that the evidence given on the trial is not properly in the record.

It appears from the record that, at the September term, 1883, of the court below, the issues in this cause were tried by a jury; that a verdict was returned for the appellee, the plaintiff below, and that a judgment and decree were made and rendered by the court in accordance with the verdict and as prayed for in the complaint. It further appears that, at the same term of the court, the appellant moved the court in writing for a new trial of this cause, for the reasons hereinbefore stated. But it is not shown by any order-book entry of the proceedings of the court, that the motion for a new trial was ever ruled upon or decided, or that any time was either asked for or given within which any bill of exceptions might be filed. Two weeks after the filing of the motion for a new trial, and during the same term of court, the appellant appeared and filed his only bill of exceptions in this cause. Omitting the title and venue of the cause and the signature of the judge, this bill of exceptions was in the words and figures following, to wit:

"Be it remembered, that, on the —— judicial day of the September term of the Hamilton Circuit Court, the above entitled cause came on for trial, the same being submitted to a jury; that after hearing the evidence, which was taken down by Ira A. Kilbourne, the short-hand reporter, and incorporated into and made a part of this bill of exceptions, which was

all the evidence given in the cause, the argument of counsel and the charge of the court, and, after due deliberation, said jury found a verdict for the plaintiff, in the words and figures, to wit: (Here insert the verdict.)    After the return of such verdict into open court, the defendant, by his counsel, R. D. Logan, Esq., moved the court in writing for a new trial. (Here insert the motion.)    And after due deliberation the court overruled said motion; and, at the proper time, the defendant's counsel objected and excepted to the overruling of said motion for a new trial, and prayed that his bill of exceptions in that behalf might be allowed, which is accordingly done, and, upon his motion, the same is ordered to be made a part of the record in this case."

It is clear that the long-hand manuscript of the evidence was not incorporated into, nor made part of, the bill of exceptions at the time it was signed by the judge and filed in the cause.    It is clear, also, that the clerk of the court had no authority to incorporate the long-hand manuscript of the evidence into such bill of exceptions, because no place was indicated therein where such manuscript might be inserted, by the use of the words " here insert," as provided in section 626, R. S. 1881.    It is equally clear that the long-hand manuscript of the evidence, under the provisions of section 1410, R. S. 1881, will not constitute a part of the record on an appeal to this court, unless "the same shall have been incorporated in a bill of exceptions."    In *Galvin* v. *State, ex rel.*, 56 Ind. 51, the court said: "The long-hand manuscript of the evidence, taken by a short-hand reporter, can only be certified to this court, as a part of the record, under the statute, ' when the same shall have been incorporated in a bill of exceptions.'    The manuscript of the evidence, in this case, was not incorporated in a bill of exceptions, and therefore it forms no part of the record of this cause."    So, in *Woollen* v. *Wishmier*, 70 Ind. 108, after quoting section 1410, *supra*, the court said: "This section does not change the practice in making

testimony or oral evidence a part of the record by a bill of exceptions, but simply provides that the long-hand manuscript of a short-hand reporter, ' when the same shall have been incorporated in a bill of exceptions,' may be used as a part of the transcript of the record, and the clerk shall not charge fees therefor. * * * * There is no method provided by law to make testimony, or other oral evidence, a part of the record, except to incorporate it into a bill of exceptions. To incorporate such evidence into a bill of exceptions means to make it a part of the body of the bill of exceptions, by some method known to the law." Where the long-hand manuscript of the evidence has not been written, at the time the bill of exceptions is signed and filed, the only method known to the law for making such manuscript a part of the body of such bill, so far as we are advised, is the one provided in section 626, *supra*, already referred to.

In the case in hand the bill of exceptions, heretofore copied in this opinion, was signed by the judge and filed in the court below, on the 1st day of October, 1883. In the transcript of the record, filed on this appeal, the bill of exceptions is followed by what purports to be the long-hand manuscript of the evidence, taken by the short-hand reporter on the trial of this cause. There is no memorandum, recital or file-mark of the clerk in the transcript before us to indicate when, if ever, this long-hand manuscript was filed in the circuit court. It was certified, however, by the short-hand reporter on the 15th day of March, 1884, and we may well conclude, as we do, that it was not filed in the court below until on, or after, the day last named. This was nearly six months after the filing of the bill of exceptions, and long after the expiration of the September term, 1883, of the trial court; and yet, as we have seen, no time beyond the term was asked for or given wherein a bill of exceptions might be signed and filed. We may add that what purports to be the long-hand manuscript of evidence was neither signed nor certified by the judge of

the trial court, and therein the case at bar differs from *Dennis* v. *State,* 103 Ind. 142.

In the case under consideration we are of opinion that the evidence given on the trial is not a part of the transcript of the record, and that, in the absence of the evidence, no question is presented for our decision by appellant's assignment of error.

The judgment is affirmed, with costs.

Filed Jan. 5, 1886.