Filed Dec. 8, 1886.

No. 13,087.

## FAHLOR v. THE STATE.

BILL OF EXCEPTIONS.—*Manuscript of Short-Hand Reporter.*—The long-hand manuscript of the evidence, taken by a short-hand reporter, can only be certified to the Supreme Court, as a part of the record, when it has been incorporated in a bill of exceptions.

From the Wells Circuit Court.

*C. M. France* and *M. W. Lee,* for appellant.

*L. T. Michener,* Attorney General, and *W. B. Hord,* for the State.

HOWK, J.—In this case the appellant was indicted, tried and convicted, in the court below, for unlawfully permitting a minor to play a game of pool on a pool-table, owned by such appellant. From the judgment of conviction, he has appealed to this court, and the only error, of which he here complains, is the overruling of his motion for a new trial.

In this motion, the only causes assigned for such new trial were, (1) that the verdict of the jury was contrary to law, (2) that it was contrary to the evidence, and (3) that it was not sustained by the evidence.

Manifestly, no question is presented for our decision by the record of this cause and the error assigned thereon, if the counsel for the State are right in claiming, as they do, that the evidence on the trial was not made a part of such record in any manner known to our law.

There appears in the transcript of the record, now before us, what we may suppose to be the long-hand manuscript of the evidence in the cause, taken in short-hand by the official reporter of the trial court. In section 1410, R. S. 1881, it is provided that the clerk of the trial court, " in case of an appeal to the Supreme Court," may certify the original long-hand manuscript of the evidence, " when the same shall have been incorporated in a bill of exceptions, to the Supreme Court, * * * instead of a transcript thereof." In construing this section of the statute, which has been in force since March 10th, 1875, it has always been held by this court, that the long-hand manuscript of the evidence, taken by a short-hand reporter, can only be certified to this court, as a part of the record, " when the same shall have been incorporated in a bill of exceptions." Galvin v. State, ex rel., 56 Ind. 51; Woollen v. Wishmier, 70 Ind. 108; Lowery v. Carver, 104 Ind. 447.

In the case in hand, the long-hand manuscript of the evidence was not incorporated, nor was there any apparent attempt, even, to incorporate such manuscript in any bill of exceptions appearing in the record. Clearly, therefore, we can neither consider nor decide the questions discussed by appellant's counsel. Wagoner v. Wilson, ante, p. 210.

The error complained of is not shown by the record.

The judgment is affirmed, with costs.

Filed Dec. 8, 1886.