THE CHICAGO, MILWAUKEE AND ST. PAUL RAILWAY COMPANY

*v.*

MARY YANDO.

*Filed at Ottawa January 25, 1889.*

1. BILL OF EXCEPTIONS—*when necessary—certificate of clerk not sufficient.* Where the bill of exceptions contains no instruction given or refused, an appellate court can not consider an assignment of error based on the refusal of the trial court to give instructions asked.

2. After the affirmance of a judgment of the trial court by the Appellate Court, the defendant procured from the clerk of the trial court his certificate that certain instructions thereto attached were asked by defendant and refused by the court, and on such certificate filed a petition for a rehearing, which was denied. The instructions were not embodied in the bill of exceptions: *Held,* that such certificate was not properly before the Appellate Court at any time, and could not be considered by either that or this court.

APPEAL from the Appellate Court for the First District;— heard in that court on appeal from the Superior Court of Cook county; the Hon. JOSEPH E. GARY, Judge, presiding.

Mr. E. WALKER, for the appellant.

Mr. JOSEPH F. KENNARD, Jr., and Messrs. BRANDT & HOFF-MAN, for the appellee:

There is no question of law presented to this court. The instructions can be brought before the Appellate and this court only by bill of exceptions. *Daniels* v. *Shields*, 38 Ill. 197; *Gill* v. *People*, 42 id. 321; *Tarble* v. *People*, 111 id. 120; *James* v. *Dexter*, 113 id. 654; *Graham* v. *People*, 115 id. 566.

Per CURIAM: Action on the case, for personal injury. The declaration contained six counts. The first five charge negligence on the part of the servants of appellant, and due care by appellee. The cause of action set forth in the last count

is correctly stated by Justice McAllister in the opinion of the Appellate Court, as follows:

"This was an action by the appellee, against the said railroad company, appellant, to recover damages for a personal injury occasioned May 15, 1885, by reason, as it is alleged, of the gross, willful and culpable negligence of the engine-driver of the defendant, in running his engine against and over the plaintiff while being inadvertently on, or in dangerous proximity to, the track on which said engine was going, and being unaware of her danger, but he, said engine-driver, having seen the plaintiff, and become aware of her danger a sufficient distance from her to have stopped his engine by the exercise of ordinary care, and avoided the injury, did not do so, but ran such engine over her, inflicting a grievous and permanent injury."

The general issue was filed by appellant, and a trial had before the Hon. Joseph E. Gary, of the Superior Court of Cook county, and a jury, resulting in a judgment for appellee for $5000, and costs. The Appellate Court found the evidence on behalf of appellee tended to prove all the elements of the cause of action stated in the last count of the declaration, and that there was no such countervailing evidence as to justify that court in interfering with the verdict of the jury. Appellant urged as a ground of reversal in the Appellate Court, the refusal of all the instructions asked by it in the trial court. No instructions whatever appeared in the bill of exceptions, and it was properly held that none were before that court for its consideration. This question, and that of the sufficiency of the evidence to sustain the action, being the only ones raised in the Appellate Court, the judgment of the Superior Court was affirmed, and an opinion filed. Afterward, appellant procured from the clerk of the trial court his certificate, to the effect, that certain instructions thereto attached were asked by the appellant on the trial of the case, and refused by the court, and on that certificate filed a petition for a rehearing

in the Appellate Court, but it was denied. We are now asked to review that action of the Appellate Court, and pass upon the instructions said to have been refused in the court below.

It can not be maintained that the instructions were contained in the bill of exceptions, as filed in the Appellate Court. An amended bill of exceptions containing them was not even presented on the motion for rehearing, but the mere certificate of the clerk was relied upon to engraft them into the record. It was clearly ineffectual to do so. They are, therefore, no part of the record, were not properly before the Appellate Court at any time, and can not be considered here. No attempt is made to raise other questions of law, and as the finding of the Appellate Court is conclusive as to the facts, but one result can follow,—the judgment of the Appellate Court must be affirmed.

*Judgment affirmed.*

Mr. JUSTICE BAILEY, having heard this case in the Appellate Court, took no part in its decision here.