The Chicago, Milwaukee and St. Paul Railway Company

*v.*

Arthur C. Harper.

*Filed at Ottawa May 16, 1889.*

1.  Juror—*question of discharge pending the trial, for supposed prejudice.*   When a juror was accepted, it did not appear that he was in any manner prejudiced against the defendant.   During the trial, however, he assumed to cross-examine some witnesses, but there was nothing in the nature of the questions to show that he had become incompetent to discharge the duty of a juror.   The defendant's counsel moved the court to exclude the juror from the panel, which the court refused: *Held,* no error in overruling the motion.

2.  Bill of exceptions—*what it should contain—of instructions not copied into the bill.*   Where instructions given on the trial of a cause are not written into the bill of exceptions, they can not be considered in this court.   In this case, the original bill of exceptions was brought up by agreement, but the instructions were not copied therein, though they were sent up with the transcript: *Held,* that they could not be treated as part of the record.

Appeal from the Appellate Court for the First District;— heard in that court on appeal from the Superior Court of Cook county; the Hon. John P. Altgeld, Judge, presiding.

Mr. E. Walker, for the appellant.

Mr. E. A. Sherburne, for the appellee.

Per Curiam: But two grounds are relied upon for a reversal of the judgment: First, because the court denied defendant's motion to exclude one of the jurors from the panel after the trial had begun; and second, because the first instruction given for the plaintiff is erroneous.

During the trial, one of the jurors undertook to examine a witness, and asked him a number of questions, which were answered by the witness. Counsel for defendant, claiming that the examination conducted by the juror disclosed the fact that he was prejudiced against the defendant, entered a motion to exclude the juror from the panel. When the juror was accepted on the panel to try the cause, it did not appear that he was in any manner prejudiced against either party, and while the juror, in his attempt to examine a witness, assumed a duty which did not belong to him, and which, perhaps, ought to have been checked by the court at the outset, still there is nothing in the nature of the questions which disclosed the fact that the juror had become incompetent to discharge his duty as a juror, and we do not think the court erred in denying defendant's motion to exclude the juror from the panel.

In regard to the other question, upon an examination of the record it will be found that the instruction does not appear in the bill of exceptions, and hence it can not be regarded as a part of the record. In this case, as in *Chicago, Milwaukee and St. Paul Railway Co.* v. *Yando,* 127 Ill. 214, the original bill of exceptions was brought up by agreement, but the instructions were not copied into the bill of exceptions, but were sent up with the transcript. In the case cited, it was held that the instruction, not being in the bill of exceptions, formed no part of the record, and could not be considered. There is no distinction between the record in the case cited and this one, and the decision in that case must control here.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*