PATRICK HURSEN

v.

EDWIN LEHMAN.

*Practice—Bill of Exceptions—Failure to Incorporate Papers and Instructions Therein.*

1.   A paper attached to a bill of exceptions after the signature of the trial judge should not be considered.

2.   Nor instructions so appended instead of being copied therein.

[Opinion filed March 10, 1890.]

APPEAL from the Circuit Court of Cook County; the Hon. ARBA N. WATERMAN, Judge, presiding.

Mr. JOHN N. JEMISON, for appellant.

Mr. GEORGE W. PLUMMER, for appellee.

GARNETT, J.   This case has been tried by two different juries.   Each of them rendered a verdict for appellee. Appellant now says the last verdict is contrary to the evidence.   We are not prepared to concur in that view, but certainly no such preponderance of evidence in favor of appellant is shown by the bill of exceptions as to warrant interference by this court.

Admission in evidence of the contract sued on is also assigned as error because erasures appeared upon its face. The bill of exceptions does not set out any copy of the contract or state it was read to the jury.   It only states that plaintiff's attorney said, " We will now offer it in evidence." Defendant's attorney having said that it might go in subject to objection, there then appears this direction to the clerk: "(Here insert);" but it was not inserted.   After the signature of the judge, there is attached to the bill of exceptions a paper which is probably a copy of the contract, but it is no

part of the bill of exceptions and can not be recognized. C., M. & St. P. Ry. Co. v. Harper, 128 Ill. 384.

If, however, the contract was read to the jury, the erasures therein were previously explained by the testimony of appellee and it was properly admitted. The instructions, like the copy of the contract, were appended to the bill of exceptions instead of being copied therein, and so do not require any comment.

The judgment is affirmed.

*Judgment affirmed.*