## CLEGHORN v. SAYRE, ASSIGNEE.

1. APPELLATE PRACTICE—BILL OF EXCEPTIONS.

Papers or copies thereof attached, without reference, to a bill of exceptions after the signature of the trial judge are no part of the record and cannot be considered.

2. SAME.

The trial judge is the only officer authorized to authenticate a bill of exceptions.

3. SAME.

When papers are not properly incorporated into the bill of exceptions, it will be presumed that the ruling of the trial court as to their admissibility in evidence was correct.

4. ASSIGNMENT FOR BENEFIT OF CREDITORS—FRAUDULENT CONVEYANCES.

If conveyances made prior to an assignment for the benefit of creditors are in fraud of the assignment act, they will not operate to invali-

date the assignment, but the assignee may recover the property so fraudulently conveyed.

*Error to the District Court of Rio Grande County.*

Messrs. BICKSLER, McLEAN & PERSHING, for plaintiff in error.

Mr. GEO. S. REDD and Mr. E. F. RICHARDSON, for defendant in error.

MR. JUSTICE GODDARD delivered the opinion of the court.

This is an action brought by Robert H. Sayre, assignee of John M. Cochran, against the plaintiff in error John Cleghorn, to recover possession of 300 tons of hay, one road cart and one buckboard, of the aggregate value of $2,500. Sayre claims the property under and by virtue of a deed of assignment executed by Cochran on the 20th day of December, 1892. The plaintiff in error attacks the validity of this deed upon various grounds, and claims the right to retain the possession of the property as the property of John M. Cochran, under a writ of attachment issued to him as sheriff, out of the district court of Arapahoe county, in an action wherein Frank Chaplin and others were plaintiffs, and John M. Cochran defendant. The case was tried to the court, and judgment rendered in favor of Sayre. To reverse this judgment, Cleghorn brings the case here on error, and assigns numerous errors upon the rulings of the court below on the admission and rejection of evidence; but the bill of exceptions is so incomplete and defective as to preclude our considering many of them. It does not purport to contain all the evidence introduced, and in fact does not contain any of the written instruments that were admitted or rejected, but following the signature of the judge, and attached thereto, they appear as exhibits; and appended to them is the following certificate :

" I, John Nevitt, do hereby certify that the above and fore-

going is a full, true and correct transcript of all of the testimony and copy of the above mentioned exhibits marked ' copy ' in the case of R. H. Sayre, Assignee, vs. John Cleghorn, Sheriff, as made by myself.   Also that those exhibits not marked ' copy ' by me, are the original exhibits introduced during the trial of said cause.

" JOHN NEVITT,

" Official Stenographer of the Twelfth Judicial District of the State of Colorado."

That these exhibits are in no wise a part of the bill of exceptions is too plain to admit of dispute.   *Sidener v. Davis,* 69 Ind. 336; *Baltimore, O. & Chicago Ry. Co. v. Barnum,* 79 Ind. 261; *Hursen v. Lehman,* 35 Ill. App. 489; *Chicago, M. & St. Paul Ry. Co. v. Harper,* 128 Ill. 384; Elliott on Appellate Procedure, secs. 818, 819, 820; *Burdick v. Hunt,* 43 Ind. 381.

In the latter case it was held that parties could not, by agreement, authorize the clerk, in making up a transcript, to annex to the record documents used in evidence without copying them into the record and having them authenticated as other evidence.   The court say :

" Whatever evidence was introduced or offered and rejected in that court must regularly have gone into the bill of exceptions, and come before this court by a copy of the bill of exceptions contained in the record.   These documents are in no way authenticated or identified as the documents referred to in the agreement of counsel except as they contain upon them a letter of the alphabet as indicated in the agreement.   There is no mention made of them in the certificate to the transcript or in any other certificate.   We cannot regard them, for any purpose, as a part of the record."

Nor is the certificate of the stenographer of any effect. The trial judge is the only officer authorized to authenticate a bill of exceptions, and he must indicate his approval of its correctness by authentication under his own hand.   *Weir Plow Co. v. Walmsley,* 110 Ind. 242; *Fahlor v. State,* 108 Ind.

387; *Marshall v. State*, 107 Ind. 173; *Woollen v. Wishmier*, 70 Ind. 108.

It is recited in the bill of exceptions that the deed of assignment by Cochran to Sayre was admitted in evidence over objection, but it does not include a copy of the deed nor a statement of its purport and effect. A copy of the deed is attached to the bill of exceptions and referred to therein as "Exhibit A."

It is clear, therefore, that plaintiff in error cannot avail himself of the objections urged against the validity of the deed of assignment. It is absent from the record and not before us for inspection, and the ruling of the trial court upon its validity and admissibility is presumed to be correct. It remains only to pass upon the materiality and admissibility of the documents offered and excluded. While they are not set forth in the bill of exceptions, it appears therefrom that there was offered a certified copy of what purported to be a bill of sale, bearing date December 20, 1892, from The Rio Grande Meat Company, by John M. Cochran, general manager, to Robert Gibson, for an alleged consideration of $4,000, conveying one bunch of neat cattle, consisting of two hundred head, more or less. There was also an offer to show, by a bill of sale and conveyance by W. H. Cochran and John M. Cochran, copartners, of fifty head of cattle to Gibson, for an alleged consideration of $1,200; and a further offer to show that W. H. Cochran and John M. Cochran, on December 20, 1892, made a conveyance of certain real estate; and that W. H. Cochran and John M. Cochran were copartners and equally interested in the property at the time of these conveyances. For aught that appears, these transfers are *bona fide* conveyances of partnership property, presumably for the satisfaction of partnership debts, and of property upon which individual creditors would have no claim as against the partnership creditors.

And, furthermore, if the bill of exceptions contained all the evidence, and it appeared thereby that these conveyances were in fraud of the assignment act, as constituting a mis-

appropriation of his property by the assignor prior to the assignment, they would not, as contended by counsel for plaintiff in error, invalidate the assignment, but the assignee could recover the property as expressly provided in section 18 of our assignment act.

We think the court below correctly ruled that these instruments were inadmissible. No further objection properly appearing, the judgment of the court below is affirmed.

*Affirmed.*