## APRIL TERM, 1899.

[No. 3647.]

O'HAIRE v. BURNS ET AL.

1. APPELLATE PRACTICE—BILL OF EXCEPTIONS—EVIDENCE.

Where on appeal or writ of error the errors assigned are of such nature as to require an examination and review of all the evidence, the bill of exceptions must show either expressly or by necessary implication that it contains all of the evidence, else the errors cannot be considered.

2. SAME.

Documents introduced in evidence, marked as exhibits and filed with the clerk, do not become part of the record, unless made so by the bill of exceptions. Such documents must be incorporated in and made part of the bill of exceptions before they can become part of the record.

3. SAME.

Where the bill of exceptions contains a statement that the defendants offered in evidence the fact that certain cases were pending in court, and the court was requested to take into consideration the pleadings therein, but the bill did not include the pleadings, it does not contain all the evidence, and cannot be considered.

*Error to the District Court of El Paso County.*

Mr. THOMAS MACON, Mr. CHARLES J. HUGHES, JR., Messrs. VANNATA & CUNNINGHAM and Mr. BRANCH H. GILES, for plaintiff in error.

Mr. T. M. PATTERSON, Mr. A. T. GUNNELL and Messrs. THOMAS, BRYANT & LEE, for defendants in error.

MR. JUSTICE GABBERT delivered the opinion of the court.

The issues between the parties to this action, who were respectively plaintiff and defendants below, were found in favor of the defendants, and judgment rendered, adjudging

them the owners of the subject-matter of the controversy, which is an interest in the Portland mine. From that judgment plaintiff brings the case to this court on error. The errors assigned are of that character, that in order to determine whether or not they should be sustained, in whole or in part, all the evidence submitted to the trial court must be reviewed. After certain preliminary hearings, for the purpose of obtaining interlocutory orders, the cause was referred to a referee, to take and report the testimony in the case. In his report it is stated, that it contains all the testimony taken before him, and that he returns therewith all documents offered by either party, which he describes as exhibits, under certain designations for the purpose of identification, some of which are copied in the report, and others not. This report over the signature and seal of the trial judge, is made the bill of exceptions in the case, but he does not certify that it contains all the evidence which was submitted to him, or which he considered on the trial of the cause.

Numerous reasons are assigned by defendants in error in support of their objection that, in the present state of the record, the errors assigned by plaintiff in error cannot be considered, but we do not deem it necessary to consider more than the one proposition which directly relates to the question of whether or not what purports to be a bill of exceptions embraces all of the evidence in the case ; when required, a bill of exceptions must show, either expressly or by necessary implication, that it contains all of the evidence. The referee certifies that his report, in connection with documents returned, includes all of the evidence taken before him; but it also appears that evidence in the shape of accounts, account books, letters, conveyances, location certificates and the like, was offered by the respective parties. As already noticed, some of these are copied in the bill, others not; and that the referee purports to return them as documents offered by the parties. Those not copied are not attached to the bill, and in no manner referred to by the trial judge in his certificate. We find documents lodged with the clerk which appear to

correspond with those of like character mentioned in the report, which are designated and marked as exhibits, but that does not make them part of the record, unless made so by the bill of exceptions, and they must, therefore, be found in the bill itself. *Board of Com. v. Karp*, 90 Ind. 236; *France v. First Nat. Bank of Omaha*, 3 Wyo. 188; *Cleghorn v. Sayre*, 22 Colo. 400. In states where the practice obtains of preparing what is termed a "skeleton" bill of exceptions, the question has frequently been raised as to what constitutes a sufficient reference to exhibits in such bill, to justify their being copied into the transcript, which purports to contain copies of the papers to which reference is so made. In *Hicks v. Person*, 19 Ohio, 426, in passing upon this subject, the court says : "It will not do, as is sometimes attempted to be done, to refer to the records of courts, or records of deeds, and attempt to make them parts of bills of exceptions. It will not do to refer to depositions on file by the names of the defendants, or by artificial marks upon the depositions themselves *without something beyond this*. They must be attached to, or made part of, the bill of exceptions, so that when a record of the case shall be made, they can be introduced into that record, as constituting a part of the case." See also, *Wells v. Martin*, 1 Ohio St. 386.

There is another reason why it appears from the bill itself, that it is manifestly incomplete. We find incorporated therein, as part of the report of the referee, the following : "Defendants offer in evidence, for the consideration of the court in passing upon this case, the fact that at and before the commencement of this suit, the following cases were pending in the district court of El Paso county, the court being requested to take into consideration the date of the commencement of the suits, the pleadings filed therein, the nature of the controversies, and the proceedings had." Then follows the number and title of several cases, with the names of the mining claims in controversy, and the character of the action; but there is not a line from which we can determine what the pleadings in these cases contain; what the nature of the

proceedings in such cases was, or whether they were considered by the trial judge so that it is not only apparent that the bill does not contain all the evidence offered before the referee, which it was intended to have the court consider, but that if this particular evidence could be examined, if before us in some shape, it is not here, and cannot, therefore, be considered.

Counsel for plaintiff in error offer, upon such terms as this court may require, to do whatever may be necessary in order to bring this case before the court for determination upon its merits. With a view of ascertaining if it would be possible to obviate the defects in the bill, it, as well as the record proper, has been carefully examined, but we do not see how the omissions which are patent can be supplied, nor do counsel suggest any remedy to that end. It is apparent that all the testimony has not been incorporated in the bill of exceptions, and that the exhibits returned, not copied therein, cannot be considered as a part of such bill; and as the nature of the errors assigned is such that all the evidence heard below must be examined in order to consider and pass upon them, and no bill of exceptions could now be had which would supply the omissions noted, the judgment is affirmed.

*Affirmed.*

CAMPBELL, C. J., not participating.