Thomson, P. J.,
delivered the opinion of the court.
The appellee brought suit against the appellant for injuries .alleged by him to have been sustained in the following manner : While he was riding in one of the defendant’s cars as a passenger, in the vicinity of Gunnison in this state, in a cool season of the year, the doors of the car were left open, and ■.suffered to remain open for some considerable time, thus causing great discomfort to the plaintiff, and he arose and attempted to shut them. About the time he reached the rear door, the train, which was moving rapidly, encountered an .abrupt curve in the track, bringing the car to a quick stop, and then, as he was reaching out to shut the door, causing a ■sudden start forward, which threw him out upon the platform, and off the car upon the ground.
*141 The court, having instructed the jury, required them to find specially upon particular questions of fact stated in writing, among which was the following: “ If you find the defendant guilty of negligence, state what the negligence was.” The jury returned a general verdict for the plaintiff, and found specially upon the question of fact, before stated, as follows: “ Leaving the car door open.” The defendant then moved the court for judgment on the special finding, notwithstanding the general verdict. The motion was denied, and judgment entered on the verdict. The defendant is here by appeal. The denial of the defendant’s motion for judgment, and the entry of judgment on the general verdict, are assigned for error. We are asked to reverse the judgment entered, and enter judgment for the defendant here, or direct the court below to enter such judgment.
The ground upon which the defendant bases its claim to judgment is that the special finding of fact is inconsistent with the general verdict. Section 199 of the code leaves it discretionary with the jury to return a general or special verdict. It then makes it their duty, in case they return a general verdict, to find specially upon any particular questions of fact which may be submitted to them by the court, and provides that when the special finding shall be inconsistent with the general verdict, the special finding shall control, and judgment shall be given accordingly. If, therefore, this special finding is inconsistent with the general verdict, and if the special finding requires the entry of a judgment different from the one which was entered, the position of the defendant is well taken, and it is entitled to the disposition of the case which it asks. Now, placing the special finding and the general verdict side by side, no inconsistency whatever between them is perceivable. On their face they seem to be harmonious. But counsel make use of an instruction, given at their request by the court, to deduce an inconsistency between them. The following is the language of that instruction:
“ If you believe, from the evidence, that the doors of the *142 car in which the plaintiff was riding were left open after leaving Gunnison, the fact is not to he considered as establishing any negligence on the part of the defendant, from which a cause of action could arise to the plaintiff, for the injury which happened to him cannot be considered a proximate result of such act.”
The argument is that under that instruction, the leaving of the doors open, was not such negligence as would, in the absence of other negligence of the defendant, authorize a verdict for the plaintiff; and as the only negligence of which the jury, by their answer to the question submitted by the court, found the defendant guilty, was the leaving of the car doors open, therefore the general verdict contradicts the special finding.
A special finding will prevail against the general verdict only when it clearly appears upon the face of the record that there is irreconcilable antagonism between them; and if they can be harmonized upon any hypothesis, the judgment will follow the general verdict. Amidon v. Gaff, 24 Ind. 128.
Whether this special finding is sufficiently well defined to exclude all inference that the jury in rendering their general verdict had in view any other negligence of the defendant contributing to the injury, we do not think it necessary now to inquire. If it is, then we must assume that the jury regarded the particular negligence found, taken in connection with other conditions leading up to the accident, as sufficient to entitle the plaintiff to a recovery, notwithstanding the instruction. If the instruction correctly stated the law, or was a correct application of the law to the case, then upon the supposition that the meaning of the finding is that the defendant was guilty of no negligence except leaving the car doors open, the general verdict was against the law, and for that reason it might perhaps be said that it was inconsistent with the special finding; and if the special finding and the general verdict could not stand together, the motion for judgment on the special finding should have been sustained. But if *143 the instruction was erroneous, if the accident was directly traceable to the defendant’s negligence in leaving the car doors open, and if, as a matter of law, the plaintiff had a good cause of action on account of that negligence notwithstanding the intervention of other conditions, of which the accident was the more immediate result, and for which the defendant was not responsible, then there was not such inconsistency, within the meaning of the code, between the special finding and the general verdict, as would authorize the overriding of the general verdict. We do not think that a party can be compelled to submit to a summary judgment against him on the ground of the inconsistency of a general verdict in his favor with a special finding in the cause, where the general verdict is warranted by the law and the facts, and the sole inconsistency claimed is a matter of deduction through an erroneous instruction procured by the adverse party.
In our opinion this instruction was radically wrong. The plaintiff was a passenger on the defendant’s car. Through the negligence of the defendant’s servants the car doors were suffered to remain open, so that the car was filled with cold air, and became uncomfortable. The plaintiff, to remove the cause of the discomfort undertook to close the rear door; and as he was in the act of so doing, the car gave a sudden and violent lurch, which precipitated him through the doorway, and threw him upon the ground, thus causing the injury complained of. The plaintiff was not bound to endure the discomfort of the car, and incur the risk of contracting some malady. As the railroad company failed to protect him, it was his right to undertake his own protection. But the instruction said that the leaving of the car doors open could not be considered as establishing any negligence on the part of the company for which a cause of action could arise to the plaintiff, because the injury was not the proximate result of the condition. This presentation of the case to the jury was erroneous. While the lurching of the car was the immediate cause of the injury, the plaintiff would not have been exposed to the danger of injury, except for *144 the negligent leaving open of the car doors. The accident was the result of the concurrence of the defendant’s negligent failure to close the doors, and the lurching of the car; but if the former condition had not existed, the plaintiff would have been unharmed by the latter. A party through whose neglect another is exposed to, and sustains injury, without any fault of his own, from some concurrent cause with which the negligent party may not be specially chargeable, is responsible for the injury. The injury is the direct and logical result of the negligence. Burrows v. Gas & Coke Co., L. R. 5 Exch. 67; Titcomb v. Railroad Co., 94 Mass. 254; Hunt v. Pownal, 9 Vt. 411; Winship v. Enfield, 42 N. H. 197; Davis v. Garrett, 6 Bing. 716; Scott v. Shepard, 2 W. Bl. 892; Denver v. Johnson, 8 Colo. App. 384. The facts in Burrows v. Gas & Coke Company were that the defendants furnished the plaintiff with a defective gas pipe, through a hole in which gas escaped. A gas fitter unconnected with the defendants, was at work on the internal gas fittings of the premises. When the gas was turned on, it began to escape in the plaintiff’s shop. A servant of the gas fitter, being at work in an upper room, on being informed that there was an escape of gas below, went down with a lighted candle in lfis hand to discover where the fault in the apparatus was; and immediately on Ms entermg the shop, an explosion ensued, causing the damage for which the action was brought. It was contended that the bringing of the lighted candle in contact with the gas, and not the defect m the gas pipe, was the proximate cause of the accident, and that the defendants’ conduct was too remote to subject them to liability ; but the court held the plaintiff entitled to recover, Pigott, B., saymg: “ Now here the escape of the gas and its ignition was the proximate cause of the injury, but the defective condition of the pipe was the main or efficient cause, and for that defect the defendants are responsible, unless the plaintiff himself contributed to the explosion.” In Denver v. Johnson the appellant negligently left open and unguarded, an excavation on the side of a public street. The appellee *145 was driving along the street, and, a tramway car approaching from behind, he undertook to escape it by turning his team aside. The result was that one of his horses went into the excavation, and, by its plunging, occasioned by its fright, placed the wagon in such position that it was struck by the car, and the appellee thrown out .and injured. The argument for the appellant was that the proximate cause of the injury was the collision of the car with the vehicle, and not the open excavation. But this court held that it was not necessary that the negligent act to which the injury might be charged, should be the last cause; that the question was whether it was the responsible cause; that while it was the collision which threw the appellee out, if there had been no excavation there would have been no collision; and that while the collision was the more immediate cause of the injury, the principal, and therefore the responsible, cause, was the excavation. So in this case it may be said that the sudden and violent motion of the car was the immediate cause of the injury; but the main and responsible cause, and without which the other would have been harmless, was the leaving open of the doors. The special finding and the general verdict are, so far as we can see, entirely consistent, unless an inconsistency can be argued into them through the instrumentality of the erroneous instruction; and we do not think an inconsistency of that kind available to the defendant.
But it is asserted that the question whether the instruction was a correct statement of the law is not open to this court, because it was not objected to below, and because no cross-error is assigned upon it here. It is true that a party by failing to interpose objections at the proper time, may be concluded by instructions given at the instance of the adverse party. If in this case the verdict had been for the defendant, and the plaintiff were here seeking a reversal on the ground of error in the instruction, we should most certainly hold that his objection came too late. Whether, if the defendant, instead of moving for judgment because of the alleged inconsistency between the special and the general *146 finding, had moved for a new trial on the ground of the jury’s disregard of the instruction, we should feel ourselves warranted in reversing the judgment, is a question which does not now require discussion. However, it has been held that by the disregard of an erroneous instruction, no legal wrong is done to the party at whose request it was given. McNulta v. Ensch, 134 Ill. 46.
But here the defendant seeks to use an instruction, palpably erroneous, and which it induced the court to give, not for the purpose of opening up the judgment and permitting a retrial of the facts, but for the purpose of foreclosing forever the plaintiff’s remedy for the wrong of which he complains, and converting a verdict in his favor into a judgment against him from which he has no possibility of escape. The code provision that, when the special finding shall be inconsistent with the general verdict, the special finding shall control, was never designed to enable one party to convert an error, committed at his own instigation, into a weapon for the destruction of the rights of the other. The defendant is not relying on the instruction to sustain a judgment in its favor, nor is the plaintiff assailing the instruction to secure the reversal of a judgment against him. It is therefore wholly immaterial whether the plaintiff objected to the instruction or not. His attitude toward the instruction is in no manner involved in the question which has been submitted to us for decision. That question is, whether, upon its face, the special finding is so inconsistent with the general verdict, as to necessitate a judgment for the defendant, notwithstanding the general verdict. Such inconsistency is not palpable, and, certainly, it is not allowable to deduce it from an error committed in behalf of the party asserting it.
The motion was properly denied, and the judgment is affirmed.

Affirmed.